(274 P.3d 691)

No. 104,824

STATE OF KANSAS, *Appellee*, v. PATRICK W. T. UNREIN, *Appellant*.

Opinion filed April 20, 2012.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

BUSER, J.: Patrick Unrein appeals an order of the district court requiring him to register as an "[o]ffender" under the Kansas Offender Registration Act (KORA), K.S.A. 2010 Supp. 22-4902(a)(7), because he used a deadly weapon in the commission of two attempted aggravated assaults. Unrein contends he entered guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). As a result, he claims the sentencing court's finding of fact that he used a deadly weapon without submitting the matter to a jury for determination violated his right to a jury trial as provided by the Sixth and Fourteenth Amendments to the Constitution of the United States.

We hold that any stigma which may attach to Unrein because he was required to register as an offender for his use of a deadly weapon in the commission of two attempted aggravated assaults is not punishment or an increase in the penalty for his crimes beyond the prescribed statutory maximum terms of incarceration. Accordingly, the district court's finding of fact regarding the use of a

deadly weapon did not violate Unrein's constitutional right to a jury trial. We also find no error in the sentencing court's use of Unrein's prior criminal history without requiring the State to prove it to a jury beyond a reasonable doubt. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Unrein was charged with two counts of aggravated assault, K.S.A. 21-3410(a), one count of criminal threat, K.S.A. 21-3419(a)(1), and one count of criminal possession of a firearm, K.S.A. 21-4204(a)(4)(A). The State alleged that Unrein had committed the aggravated assaults "with a deadly weapon, to-wit: Stevens Brand .410 gauge single shotgun." The State cited K.S.A. 21-3410(a) for the aggravated assault charges, which defined that crime as assault "[w]ith a deadly weapon."

Ultimately, Unrein signed a plea agreement stating he would "enter a plea of guilty" to two counts of attempted aggravated assault and one count of criminal threat. At the plea hearing, when the district court asked Unrein for his pleas, Unrein replied: "I plead guilty to them [sic] three counts." The district court asked: "Are you pleading guilty because you [are] guilty or are you pleading guilty for some other reason?" Unrein responded: "I'm pleading guilty because I'm taking advantage of a plea agreement offered to me." After a colloquy between the district court and Unrein about his right to plead guilty and take advantage of a plea agreement without admitting that he was guilty, the prosecutor noted: "I'm assuming we're entering an *Alford* plea at this point." There was no further mention that the guilty pleas were based on *Alford*, 400 U.S. 25.

The prosecutor next proffered the facts the State would prove at trial. These facts included that Unrein "picked up [a] shotgun, put [in] a bullet [sic], cocked the gun, put it to the back of [one victim's] head," and that when another victim "arrived home . . . [Unrein] was pointing the shotgun at him." The district court accepted Unrein's guilty pleas, found there was a factual basis for the pleas, and found him guilty.

In keeping with the plea agreement, the State filed an amended information charging two counts of attempted aggravated assault, K.S.A. 21-3301 and K.S.A.21-3410(a), and one count of criminal threat, K.S.A. 21-3419(a)(1). In the amended charging document, the State alleged Unrein committed the attempted aggravated assaults by "grabbing the shotgun, with the intention to commit said crime," and by "picking up and loading the shotgun, with the intention to commit said crime."

At the sentencing hearing, Unrein's counsel asked the district court not to impose KORA's registration requirement, claiming the intention of the State and defense was that Unrein would not have to register as an offender. The State denied there was any agreement regarding the registration requirement. The district court found Unrein had used a deadly weapon in the commission of the two attempted aggravated assaults and ordered him to register as an offender under K.S.A. 2010 Supp. 22-4902(a)(7).

Later, Unrein filed a motion "to reconsider the finding that a firearm was used during the commission of this offense." At the hearing on the motion, Unrein asserted the "intent of the parties when negotiating this case . . . was to not have the firearm be involved in the commission of the offense. And therefore, Mr. Unrein is not having to register [sic]." The State responded that it was the State's "intention . . . he did have to register." The State also noted that during the plea hearing "the gun was clearly mentioned during the giving of the factual basis by the State since it was an Alford plea."

The district court observed that Unrein could move to withdraw his pleas because of the dispute. Short of that, however, the district court stated that the use of a "deadly weapon . . . [was] part of the crime," as defined by K.S.A. 21-3410(a). It also noted the charging documents had alleged use of a deadly weapon. The district court concluded it lacked "authority to disregard the statute and the facts that are in front of it." Unrein's motion to reconsider the registration requirement was denied. Unrein filed a timely appeal.

DID THE DISTRICT COURT'S FINDING THAT UNREIN USED A DEADLY WEAPON WHICH RESULTED IN AN ORDER TO REGISTER UNDER KORA VIOLATE HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY?

KORA requires district courts to order particular offenders to register with the state. K.S.A. 2010 Supp. 22-4904. In the present case, Unrein was ordered to register as an offender upon the sentencing court's finding that he used a deadly weapon in the commission of the two attempted aggravated assaults.

Unrein does not reprise his argument below that registration as an offender under KORA was contrary to his plea agreement. Instead, he contends based on *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that the district court violated his constitutional rights by ordering registration without either Unrein's admission to the use of a deadly weapon or a jury determination of that fact. This is a new issue on appeal, but we will consider it because it involves fundamental rights. See *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010). Because the issue presented is a question of law, our review is unlimited. See *McComb v. State*, 32 Kan. App. 2d 1037, 1041, 94 P.3d 715, *rev. denied* 278 Kan. 846 (2004).

Preliminarily, the State does not dispute Unrein's contention that his guilty pleas were entered pursuant to *Alford*. Given this concession and the evidence in support of it, we agree that by pleading guilty, Unrein did not admit to using a deadly weapon in the commission of the two attempted aggravated assaults. See *State v. Case*, 289 Kan. 457, Syl. ¶ 2, 213 P.3d 429 (2009) ("An *Alford* plea is a plea of guilty to a criminal charge but without admitting to its commission, *i.e.*, to the truth of the charge and every material fact therein.").

Unrein's argument on appeal is predicated on *Apprendi*'s holding: "Other than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. According to Unrein, because by

his *Alford* pleas he did not explicitly admit to the use of a deadly weapon, the district court's finding that resulted in the imposition of the offender registration requirement impermissibly increased the penalty without having the finding proven to a jury beyond a reasonable doubt.

As a result, the issue presented on appeal is: Did the district court violate Unrein's constitutional right to a jury trial by finding that he used a deadly weapon during the commission of the offenses without submitting the matter to a jury for determination before ordering registration pursuant to KORA? Critical to answering this question is whether KORA's offender registration requirement is an increased penalty under *Apprendi*.

Unrein acknowledges the same argument he raises on appeal was "rejected" in a prior KORA case, *State v. Chambers*, 36 Kan. App. 2d 228, 239, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006). In *Chambers*, the sentencing court ordered registration pursuant to KORA after finding that a burglary conviction was sexually motivated. This finding that the defendant committed a sexually violent crime made the defendant an offender under a separate subsection of the registration law. See 36 Kan. App. 2d 231-32 (quoting K.S.A. 2005 Supp. 22-4902[c][14]).

Similar to the present case, in *Chambers* the defendant contended the registration requirement was an increased punishment that implicated *Apprendi*'s constitutional protections. Our court, however, held:

"[T]he sentencing judge's finding of sexual motivation in the present case did not increase the terms of Chambers' underlying prison sentences beyond the maximum sentence provided for burglary. The sentencing judge's determination of sexual motivation did not, therefore, implicate *Apprendi*'s guarantee of rights under the Sixth and Fourteenth Amendments to the Constitution of the United States." 36 Kan. App. 2d at 239.

Unrein contends, however, "[t]he *Chambers* decision was wrong because it narrowly interpreted the rule in *Apprendi* by holding that it should only be applied to increased sentences, not increased punishment." In fact, *Chambers* distinguished an increased sentence (that implicates *Apprendi*) from increased punishment (that does not implicate *Apprendi*) based, in part, on Kansas Supreme

Court precedent. See 36 Kan. App. 2d at 237-39. We are bound to follow this precedent absent an indication our Supreme Court is departing from its previous position. *State v. Jones*, 44 Kan. App. 2d 139, 142, 234 P.3d 31 (2010), *rev. denied* 292 Kan. 967 (2011). We are unaware of any indication our Supreme Court is departing from prior precedent in this matter.

Moreover, we are not persuaded by Unrein's argument that registration under KORA and under these circumstances is necessarily punishment. Unrein alleges there is a "certain stigma attached" to offender registration. But Unrein does not define, explain, or quantify the notoriety he alleges results from the simple act of registration. We can only assume Unrein means a general stigma of social disapproval. While we are willing to consider the issue for the first time on appeal, Unrein still bears the burden to designate a record affirmatively showing error, which he has not done. See *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008).

If we were to assume a general stigma from KORA registration, we would turn for guidance to *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), which was also cited in *Chambers*. The question in *Smith* was whether posting sex offender registration on the Internet was punishment for ex post facto purposes. The United States Supreme Court held it was not punishment despite the "adverse consequences for the convicted defendant, running from mild personal embarrassment to social ostracism." 538 U.S. at 99. The Court reasoned the "purpose and principal effect of notification are to inform the public for its own safety, not to humiliate the offender." 538 U.S. at 99; see also *United States v. Hinckley*, 550 F.3d 926, 937-38 (10th Cir. 2008) (applying *Smith*). If the stigma attached to public registration as a sex offender is not punishment, the notoriety that Unrein might experience for being listed as an individual who used a deadly weapon during the commission of two crimes is also not punishment.

Unrein also mentions that he must perform duties related to registration or face prosecution under K.S.A. 22-4903, and that he must pay a $20 fee whenever reporting to a sheriff's office. See K.S.A. 2010 Supp. 22-4904(e). Unrein cites no authority holding these requirements are punishment, and he provides no reasoning

or evidence supporting that conclusion. This is akin to waiving or abandoning an issue on appeal. See *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010).

If we were to consider these registration requirements, *Smith* again provides guidance. The United States Supreme Court noted the "[w]idespread public access" caused by posting sex offender registration on the Internet was "necessary for the efficacy of the scheme." 538 U.S. at 99. Based on the record before us, we would similarly conclude that Unrein's exposure to further criminal liability if he would violate KORA is necessary for the efficacy of the regulatory scheme. The purpose of registration is public safety, see *State v. Cook*, 286 Kan. 766, 774, 187 P.3d 1283 (2008), and the threat of criminal liability is not punishment but a means to this end. We also would conclude the $20 fee is not punishment but a way to reimburse sheriff's offices for services provided in the regulatory scheme. See K.S.A. 2010 Supp. 22-4904(e) ("All funds retained by the sheriff . . . shall be credited to a special fund . . . which shall be used solely for law enforcement and criminal prosecution . . . and which shall not be used as a source of revenue to reduce the amount of funding otherwise made available to the sheriff's office."); *State v. Robinson*, 281 Kan. 538, 543, 132 P.3d 934 (2006) (characterizing BIDS fees as "recoupment" and "not fines or, indeed, any part of the punishment or sanction").

For all of these reasons, we hold the district court's factual finding that Unrein used a deadly weapon in the commission of two attempted aggravated assaults which resulted in the court's order for Unrein to register under KORA did not violate his constitutional right to a jury trial.

On a related matter, Unrein also contends the sentencing court's determination of his criminal history score without submission of the matter to a jury violated his constitutional right to a jury trial. Unrein acknowledges, however, our Supreme Court's holding that a district court's determination of a defendant's criminal history score at sentencing does not violate a defendant's constitutional right to a jury trial. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Unrein raises this issue only to preserve it for federal review. Our Supreme Court has declined to "retreat" from *Ivory*,

and we are again bound by that precedent. See *State v. McCaslin*, 291 Kan. 697, 731-32, 245 P.3d 1030 (2011).

Affirmed.