NOT DESIGNATED FOR PUBLICATION

Nos. 112,778
112,779

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN RICE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID B. DEBENHAM, judge. Opinion filed November 20, 2015. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: In accordance with his plea agreement with the State, Justin Rice pled guilty to six counts of solicitation to commit aggravated robbery. The State presented factual bases for the crimes that consisted of Rice's meetings with Andrew Hogue to plan robberies at a laundromat and at Club New Orleans, both located in Shawnee County. Rice urged Hogue to bring a handgun. Hogue did so and discharged the gun during both robberies. The State also presented evidence supporting these charges at

1

a preliminary hearing. After Rice admitted he had committed the acts the State alleged, the district court accepted Rice's guilty pleas and found him guilty.

At the sentencing hearing, the court sentenced Rice to prison. At the State's request, and with no objection from Rice, the court ordered him to register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, for 15 years after his release from prison. This was based on the court's determination that a deadly weapon had been used in the commission of the crimes.

Rice appeals, arguing that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when the court, rather than a jury, determined that a deadly weapon was used in the commission of the crimes. In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Rice's argument raises an issue of law over which we have unlimited review. See *State v. Cheeks*, 298 Kan. 1, 4, 310 P.3d 346 (2013).

Rice failed to object to the registration requirement before the district court. This usually would preclude him raising the issue on appeal. See *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). But our appellate courts traditionally have addressed *Apprendi* issues raised for the first time on appeal, so we will do so here.

Under K.S.A. 2011 Supp. 22-4902a(a)(7), registration is required of "any person who . . . is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." Here, the

person felony was aggravated robbery. Rice claims this registration requirement increased the penalty for his crime. Thus, he contends, *Apprendi* required that the finding that a deadly weapon was used in the commission of these crimes had to be proven to a jury, not merely to the sentencing judge.

In *State v. Chambers*, 36 Kan. App. 2d 228, 238-39, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006), this court held that KORA does not implicate *Apprendi* because offender registration does not constitute a sentence enhancement. In *State v. Simmons*, 50 Kan. App. 2d 448, Syl. ¶ 13, 329 P.3d 523 (2014), *petition for rev. filed* July 25, 2014, our court reiterated that KORA registration requirements are not part of a defendant's sentence: "The offender registration requirements set forth in KORA arise automatically by operation of law without court involvement and represent nonpunitive collateral consequences of judgment; thus, a duty to register under KORA is distinct from, and not part of, an offender's criminal sentence."

In several other cases this court has held that *Apprendi* does not apply to a sentencing judge's finding that a deadly weapon was used in the commission of a crime. See *State v. Weis*, 47 Kan. App. 2d 703, 717-19, 280 P.3d 805 (2012), *petition for rev. filed* July 15, 2012; *State v. Franklin*, 44 Kan. App. 2d 156, 160-62, 234 P.3d 860 (2010), *rev. denied* 297 Kan. 1250 (2013); *State v. Villa*, No. 112,107, 2015 WL 1784358, at *2-3 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* May 7, 2015.

Rice argues that *Chambers* and the cases that rely on *Chambers* were wrongly decided. But in *State v. Unrein*, 47 Kan. App. 2d 366, 370-72, 274 P.3d 691 (2012), *rev. denied* 297 Kan. 1256 (2013), which also involved registration for using a deadly weapon in the commission of the crime, the court rejected many of the same arguments that Rice raises here. Like Rice, Unrein argued that *Chambers* was wrongly decided. The *Unrein* court rejected this argument, stating: "In fact, *Chambers* distinguished an increased

sentence (that implicates *Apprendi*) from increased punishment (that does not implicate *Apprendi*) based, in part, on Kansas Supreme Court precedent" which this court is duty bound to follow. *Unrein*, 47 Kan. App. 2d at 370-71.

Rice argues that because his convictions were for solicitation to commit aggravated robbery, no element of the crime necessarily proved that a deadly weapon was used. See K.S.A. 2011 Supp. 21-5303. He also argues that he was charged under K.S.A. 2011 Supp. 21-5420(b), not the specific subsection containing the element requiring being armed with a dangerous weapon (K.S.A. 2011 Supp. 21-5420[b][1]). But at the plea hearing, the State presented the factual bases for Rice's crimes that included the use of a handgun in the commission of the crimes, and Rice did not dispute those facts. Further, the use of a handgun was corroborated by the evidence presented at the preliminary hearing. There was uncontested evidence before the court that a deadly weapon had been used in the commission of these crimes.

Rice contends that the stigma attached to offender registration constitutes punishment. But the *Unrein* court rejected this argument as well, citing *Smith v. Doe*, 538 U.S. 84, 99, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), in which the United States Supreme Court held that posting sex offender registration on the Internet did not constitute punishment despite any stigma attached. *Unrein*, 47 Kan. App. 2d at 371-72. The *Unrein* court concluded: "If the stigma attached to public registration as a sex offender is not punishment, the notoriety that [one] might experience for being listed as an individual who used a deadly weapon during the commission of two crimes is also not punishment." 47 Kan. App. 2d at 371.

Rice argues that *State v. Myers*, 260 Kan. 669, 923 P.2d 1024, *cert. denied* 521 U.S. 1118 (1996), supports his position that KORA registration is punishment. Rice notes

4

that the *Myers* court found that "registration repercussions due to the public access provisions are great enough to be considered punishment." See 260 Kan. at 699.

In *Myers*, our Supreme Court examined the Kansas Sex Offender Registration Act (KSORA)—the precursor to KORA—to determine whether its registration and public disclosure provisions violated the Ex Post Facto Clause of the United States Constitution when applied to an offender who committed his underlying crime before KSORA took effect. The court in *Myers* concluded that the KSORA registration requirement was not punishment, "thus, our ex post facto inquiry as to registration ends." 260 Kan. at 696. But the *Myers* court went on to conclude that the public disclosure provision, as applied, was prohibited ex post facto punishment. 260 Kan. 669, Syl. ¶ 8.

Rice also cites the decision 2 years later, in *State v. Scott*, 265 Kan. 1, 6, 961 P.2d 667 (1998), in which the court stated it would "not attempt to alter the *Myers* conclusion as to the punitive effect" of offender registration.

But we are satisfied our Supreme Court would no longer follow its holdings in *Myers* and *Scott* on the punitive nature of public disclosure in view of the later United States Supreme Court decision in *Doe* in which, as noted earlier, the Court held that posting sex offender registration on the Internet did not constitute punishment despite any stigma attached. 538 U.S. at 99.

Rice cites *Southern Union Company v. United States*, 567 U.S. ___, 132 S. Ct. 2344, 2357, 183 L. Ed. 2d 318 (2012), for the proposition that penalties implicating *Apprendi* include criminal fines. But Rice does not argue that a criminal fine was imposed in this case. In any event, the KORA $20 registration fee is not a criminal fine but a recoupment fee. *Weis*, 47 Kan. App. 2d at 717-19; *Unrein*, 47 Kan. App. 2d at 372.

Rice also cites *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2155, 2158-63, 186 L. Ed. 2d 314 (2013), in which the Court reiterated the rule that any facts that increase a minimum mandatory sentence must be proven beyond a reasonable doubt. But because KORA registration is not a form of punishment, the sentencing court's finding that KORA applies did not increase Rice's sentence and, therefore, did not implicate *Apprendi* nor does it run afoul of the holding in *Alleyne*.

Rice also contends that his case is similar to *State v. Limon*, No. 96,103, 2007 WL 1042154 (Kan. App. 2007) (unpublished opinion). *Limon* is clearly distinguishable because it involved an increase to a defendant's postrelease supervision period based on a finding that the crime was sexually motivated. 2007 WL 1042154, at *5-6. Here, there was no increase in Rice's postrelease supervision period or to any part of his sentence.

Finally, Rice argues that *Chambers* failed to discuss the "punitive consequences" that proceed from an order requiring registration as an offender, specifically noting the $20 recoupment fee and the higher severity level of any felony offense for violating KORA which could lead to additional imprisonment. These arguments were addressed in *Unrein*, in which the court held: "[E]xposure to further criminal liability if he would violate KORA is necessary for the efficacy of the regulatory scheme. The purpose of registration is public safety, [citation omitted], and the threat of criminal liability is not punishment but a means to this end." 47 Kan. App. 2d at 372.

We adhere to the holding in *Weis*, 47 Kan. App. 2d at 719, in which a panel of this court stated: "The stigma [Weis] might expect to suffer from registration is not an increase in sentence or punishment but a collateral consequence of his registration as an offender. Accordingly, we do not believe the trial court's factual finding [of use of a deadly weapon] violated . . . *Apprendi*." Thus, based upon the foregoing analysis, we

6

conclude that the district court did not violate Rice's constitutional rights under *Apprendi* by making a factual finding that required Rice to register under KORA.

As his final issue, Rice raises a different *Apprendi* argument. He argues that the district court violated his constitutional rights under *Apprendi* by sentencing him based in part on his criminal history without proving that criminal history to a jury. Our Supreme Court already decided this issue contrary to Rice's position in *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). We are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Shaw*, 47 Kan. App. 2d 994, 1006, 281 P.3d 576 (2012), *rev. denied* 297 Kan. 1255 (2013). We see no such indication. This contention fails.

Affirmed.