NOT DESIGNATED FOR PUBLICATION

No. 112,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD ARNOLD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; MIKE KEELEY, judge. Opinion filed November 20, 2015. Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*:  After entering a plea to aggravated battery and two counts of child abuse, Chad Arnold now appeals his sentence, arguing the district court's finding that his crimes were sexually motivated, which then triggered Arnold's duty to register as a sex offender, violated his constitutional rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Apprendi* requires any fact that increases the penalty for a crime beyond the statutory maximum to be proven to a jury beyond a reasonable doubt. Because offender registration is not a penalty that increases a defendant's sentence, we find no *Apprendi* violation and affirm.

1

On September 24, 2013, Arnold entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to one count of aggravated battery and two counts of abuse of a child. The State proffered evidence based on the affidavit of probable cause and the transcript of the preliminary hearing. At the preliminary hearing, the court heard testimony that M.J., Arnold's step-daughter, reported that Arnold rubbed and penetrated her vagina with his hands on multiple occasions throughout M.J.'s fifth-, sixth-, and seventh-grade years. These allegations against Arnold were in addition to various instances of alleged physical abuse of M.J. and other members of Arnold's family.

At the plea hearing, the prosecutor addressed the issue of sex offender registration, stating:

"[I]t is contemplated by this [plea] negotiation that the parties will litigate at an evidentiary sentencing whether or not these offenses were sexually motivated for a Court determination beyond a reasonable doubt.

"So I think it is contemplated by the parties that the defendant is waiving a jury trial determination as to whether or not sexual motivation has been determined beyond a reasonable doubt and proceed to Court trial on that issue alone."

The defense attorney, after conferring with Arnold, stated, "[Arnold's] understanding was there would—it would be to the Court, as opposed to a jury."

At the sentencing hearing, the district court made a finding that based upon the proffered evidence, the evidence at the preliminary hearing, and the information in the affidavit, Arnold's acts were sexually motivated. As a result of its finding, the district court required Arnold to register as a sex offender for 15 years. Finally, the district court sentenced Arnold to a controlling term of 137 months' incarceration.

Arnold timely appeals.

## DID THE DISTRICT COURT ERR BY FINDING ARNOLD'S CRIMES WERE SEXUALLY MOTIVATED?

Arnold argues the district court violated his constitutional rights pursuant to *Apprendi* when it made a finding that his crimes were sexually motivated, thus triggering an obligation to register according to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. He contends that offender registration constitutes an increase in punishment and, therefore, a jury should have decided whether his crimes were sexually motivated. A constitutional challenge to KORA is a question of law subject to our unlimited review. *State v. Chambers*, 36 Kan. App. 2d 228, 232, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006).

At the outset, we note the State concedes that Arnold may bring this appeal despite failing to raise this issue before the district court because our Supreme Court has held that *Apprendi* arguments may be raised for the first time on appeal. See *State v. Gould*, 271 Kan. 394, 404-05, 23 P.3d 801 (2001). We also decline to address the State's argument that Arnold waived his right to a jury trial because, as we explain below, even if Arnold had not waived his jury trial rights, his *Apprendi* rights were not violated.

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In applying *Apprendi*, our Supreme Court stated: "[I]t does not matter how the required finding is labeled, but whether it exposes the defendant to a *greater punishment* than that authorized by the jury's verdict." (Emphasis added.) *Gould*, 271 Kan. at 410.

3

Thus, Arnold's appeal turns on whether sex offender registration is a punishment under *Apprendi*.

Kansas courts have consistently ruled that offender registration does not constitute a more severe sentence. In *Chambers*, 36 Kan. App. 2d at 239, our court decided this question under similar circumstances:

"We conclude that the punitive aspects inherent in the KORA do not implicate *Apprendi*'s essential focus—prohibiting a sentencing judge from imposing 'a more severe sentence than the maximum sentence authorized by the facts found by the jury.' *Gould*, 271 Kan. 394, Syl. ¶¶ 2, 4. This determination results because our Supreme Court consistently has applied *Apprendi*'s constitutional guarantees in cases involving increased sentences (*Gould* and [*State v.*] *Anthony*[, 273 Kan. 726, 45 P.3d 852 (2002)]), while declining to apply those same guarantees where the court found that the subject matter did not relate to a sentencing judge's imposition of a more severe sentence than the maximum sentence entitled by the jury's verdict (*Carr*, [274 Kan. at 444, *State v.*] *Garcia*, [274 Kan. 708, 711, 56 P.3d 797 (2002),] and [*State v.*] *Beasley*[, 274 Kan. 718, 722, 56 P.3d 803 (2002)]).

"We uphold the constitutionality of the KORA. *Apprendi* does not apply to a sentencing judge's finding beyond a reasonable doubt that an offense was sexually motivated which results in imposition of the provisions of the KORA, K.S.A. 2005 Supp. 22-4901 *et seq*.

"We hold the sentencing judge's finding of sexual motivation in the present case did not increase the terms of Chambers' underlying prison sentences beyond the maximum sentence provided for burglary. The sentencing judge's determination of sexual motivation did not, therefore, implicate *Apprendi*'s guarantee of rights under the Sixth and Fourteenth Amendments to the Constitution of the United States."

Arnold counters by asserting that *Chambers* was wrongly decided because it incorrectly interpreted *Apprendi* by holding that its protections should be applied only in

4

cases of increased *sentences* as opposed to increased *punishments*. Specifically, Arnold argues that *Chambers* failed to consider the stigmatization that follows sex offender registration and that *Apprendi*'s procedural protections are therefore required to reduce the risk of erroneously imposing such a deprivation. Arnold also relies upon *Southern Union Co. v. United States*, 567 U.S. ___, 132 S. Ct. 2344, 2357, 183 L. Ed. 2d 318 (2012), where the United States Supreme Court concluded that "the rule of *Apprendi* applies to the imposition of criminal fines." Arnold reasons that because registering as a sex offender is objectively worse than being fined, *Apprendi* must apply under the circumstances in this case. However, our court previously rejected the assertion that registration constitutes punishment in *State v. Unrein*, 47 Kan. App. 2d 366, 371, 274 P.3d 691 (2012), *rev. denied* 297 Kan. 1256 (2013).

The panel in *Unrein* relied upon the reasoning of the United States Supreme Court in *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003):

> "The question in *Smith* was whether posting sex offender registration on the Internet was punishment for ex post facto purposes. The United States Supreme Court held it was not punishment despite the 'adverse consequences for the convicted defendant, running from mild personal embarrassment to social ostracism.' 538 U.S. at 99. The Court reasoned the 'purpose and principal effect of notification are to inform the public for its own safety, not to humiliate the offender.' 538 U.S. at 99; see also *United States v. Hinckley*, 550 F.3d 926, 937-38 (10th Cir. 2008) (applying *Smith*)." 47 Kan. App. 2d at 371.

*Smith*'s rationale is persuasive. Sex offender registration, although stigmatizing, is not a punishment because its purpose is to inform the public for its own safety. Thus, Arnold is not entitled to *Apprendi*'s protections in this instance.

Affirmed.

5