NOT DESIGNATED FOR PUBLICATION

No. 114,518

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 30, 2016. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*: Angel Wheeler appeals the district court's factual finding that she committed a crime with a deadly weapon, resulting in the requirement that she register as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* She contends that the district court violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution when it made this factual finding without submitting the matter to a jury.

1

Wheeler, the mistress of the victim's husband, got into a fight with the victim and stabbed her in the abdomen twice with a knife. In its information, the State alleged that Wheeler used a deadly weapon in the commission of the crime of aggravated battery. Pursuant to a plea agreement, Wheeler pled guilty to the charge. In exchange for her plea, the State agreed not to pursue charges against her in other cases.

At the plea hearing, the judge inquired about the factual basis for the plea and addressed Wheeler as follows:

> "[T]he argument led to you causing bodily harm to [the victim] by stabbing her in the stomach. Nobody's saying that it was great bodily harm 'cause that's not what you're being charged with, just that the fact that you stabbed her in the stomach caused bodily harm . . . . So basically you had this deadly weapon, a knife. You stabbed her."

The judge asked Wheeler whether she was pleading guilty based upon these facts. Wheeler responded: "Yes, Your Honor." The judge then accepted Wheeler's guilty plea and found her guilty.

At the sentencing hearing, and over the defendant's objection, the judge made a finding that Wheeler's crime was committed with a deadly weapon. The judge sentenced Wheeler to 32 months in prison, following which Wheeler was ordered to register for 15 years as a violent offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*.

Wheeler appeals, claiming that the sentencing court violated her constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when the court, rather than a jury, determined that a deadly weapon was used in

2

the commission of her crime. This claim raises an issue of law over which we have unlimited review. See *State v. Cheeks*, 298 Kan. 1, 4, 310 P.3d 346 (2013).

Under KORA, K.S.A. 2015 Supp. 22-4902(a)(2) and (e)(2), registration is required of "any person who . . . is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." Wheeler argues that requiring her to register under KORA without a jury determining that the crime was committed with a deadly weapon increased the penalty for her crime and violated *Apprendi*.

Wheeler's *Apprendi* argument was not raised before the district court. The failure to raise an objection below usually precludes a defendant from raising the issue on appeal. See *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). But we have traditionally addressed *Apprendi* issues raised for the first time on appeal to prevent the denial of a fundamental right. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015). Accordingly, we will address the merits of Wheeler's claim.

At her sentencing hearing, it is clear that Wheeler admitted to the judge that she used a knife to stab her victim. In doing so, she gave up the right to have the State prove beyond a reasonable doubt that she used a deadly weapon to commit the aggravated battery. See *State v. Franklin*, 44 Kan. App. 2d 156, 161-62, 234 P.3d 860 (2010), *rev. denied* 297 Kan. 1250 (2013).

Besides, the factfinding requirement of *Apprendi* applies only when the facts so found are used to increase a defendant's sentence. Here, requiring Wheeler to register under KORA did not increase the sentence the court imposed. See *State v. Simmons*, 50 Kan. App. 2d 448, Syl. ¶ 13, 329 P.3d 523 (2014), *rev. granted* June 21, 2016; *State v. Chambers*, 36 Kan. App. 2d 228, 238-39, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006).

As stated in *Simmons*: "The offender registration requirements set forth in KORA arise automatically by operation of law without court involvement and represent nonpunitive collateral consequences of judgment; thus, a duty to register under KORA is distinct from, and not part of, an offender's criminal sentence." 50 Kan. App. 2d 448, Syl. ¶ 13.

Several other cases have held that *Apprendi* does not apply to a sentencing judge's finding that a deadly weapon was used in the commission of a crime. See *State v. Weis*, 47 Kan. App. 2d 703, 717-19, 280 P.3d 805 (2012), *rev. granted* June 21, 2016; *Franklin*, 44 Kan. App. 2d at 160-62; *State v. Villa*, No. 112,107, 2015 WL 1784358, at *2-3 (Kan. App. 2015) (unpublished opinion), *rev. granted* June 21, 2016; *State v. Huey*, No. 109,690, 2014 WL 1707807, at *6 (Kan. App. 2014), *rev. granted* June 21, 2016. But Wheeler counters that decisions holding that KORA is not part of a defendant's sentence were wrongly decided.

In *State v. Unrein*, 47 Kan. App. 2d 366, 370-72, 274 P.3d 691 (2012), *rev. denied* 297 Kan. 1256 (2013), which also involved registration for using a deadly weapon in the commission of the crime, the court rejected many of the arguments that Wheeler raises here. The *Unrein* court rejected the defendant's assertion that *Chambers* was wrongly decided, concluding: "In fact, *Chambers* distinguished an increased sentence (that implicates *Apprendi*) from increased punishment (that does not implicate *Apprendi*) based, in part, on Kansas Supreme Court precedent," which this court is duty bound to follow. *Unrein*, 47 Kan. App. 2d at 370-71.

Nevertheless, relying on *Southern Union Company v. United States*, 567 U.S. ___, 132 S. Ct. 2344, 2357, 183 L. Ed. 2d 318 (2012), which held that penalties implicating *Apprendi* include criminal fines, Wheeler argues that KORA registration requires the registrant to pay a fee which is, in reality, a criminal fine. But we have previously held that the KORA $20 registration fee is not a criminal fine but a fee for the administration

4

of the registration program. See *Weis*, 47 Kan. App. 2d at 717-19; *Unrein*, 47 Kan. App. 2d at 372.

Wheeler faults our court's holding in *Chambers* for failing to discuss the "punitive qualities" of KORA registration, which she enumerates in detail. These include the periodic registration requirement, the driver's license renewal requirement, the public exposure of registrants, the $20 registration fee, and the risk of reimprisonment. But a number of these matters were addressed and found unpersuasive in *Unrein* and *Weis*. These criticisms were also addressed in the context of sex and drug offenders in *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003); *United States v. Brunner*, 726 F.3d 299, 303 (2d Cir. 2013); *United States v. Parks*, 698 F.3d 1, 5-6 (1st Cir. 2012); *United States v. Hinkley*, 550 F.3d 926, 937-38 (10th Cir. 2008), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. ___, 132 S. Ct. 975, 182 L. Ed. 2d 935 (2012); *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996); *Simmons*, 50 Kan. App. 2d at 457; *State v. Burdick*, No. 110,472, 2015 WL 2342145, at *6-7 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* June 8, 2015; *State v. Richardson*, No. 107,786, 2013 WL 3867329, at *2-3 (Kan. App. 2013) (unpublished opinion), *rev. granted* June 21, 2016; *State v. Scuderi*, No. 107,114, 2013 WL 3791614, at *5-6 (Kan. App. 2013) (unpublished opinion), *rev. granted* June 21, 2016; *State v. Brown*, No. 107,512, 2013 WL 2395319, at *1-4 (Kan. App. 2013) (unpublished opinion), *petition for rev. filed* June 24, 2013; *State v. Hall*, No. 106,903, 2013 WL 646482, at *3-4 (Kan. App. 2013) (unpublished opinion), *rev. denied* 297 Kan. 1250 (2013).

In our Supreme Court's most recent decision relating to KORA, the court found in *State v. Petersen-Beard*, 304 Kan. 192, 195, 377 P.3d 1125 (2016), *cert. filed* July 21, 2016, that KORA registration does not constitute cruel and/or unusual punishment because KORA sex offender registration is not punishment for the purpose of applying provisions of the United States or Kansas Constitutions. To the contrary, the court held

that the legislature intended KORA "to be a nonpunitive and civil regulatory scheme rather than punishment. [Citations omitted.]" 304 Kan. at 195. We are duty bound to follow Kansas Supreme Court precedent absent some indication the Supreme Court is departing from its present position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We see no such indication.

Adhering to the reasoning in *Petersen-Beard*, we conclude that requiring Wheeler to register under KORA did not implicate the constraints of *Apprendi*. The district court did not violate Wheeler's constitutional rights in requiring her to register under KORA.

Affirmed.