NOT DESIGNATED FOR PUBLICATION

No. 115,919

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY JOHNSON, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 14, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

LEBEN, J.: Jerry Johnson, Jr., challenges the district court's decision to sentence him to prison on his convictions for possession of methamphetamine, possession of marijuana with a prior conviction, and criminal threat. Johnson contends that K.S.A. 2016 Supp. 21-6824, which requires that a court sentence certain offenders to drug treatment instead of prison, should have controlled his sentence. We find that Johnson qualified for a drug-treatment sentence under that statute; the district court erred when it instead sent Johnson to prison.

1

Johnson separately challenges another order the district court made at sentencing. The court found that he had committed a criminal threat with a deadly weapon; on that basis, the court ordered him to register as a violent offender. Johnson argues that the registration requirement violated his constitutional rights because it was based on a deadly weapon finding made by the court rather than by a jury. He's correct that any fact that increases the penalty for a crime beyond the statutory maximum does have to be proved to a jury beyond a reasonable doubt and can't simply be found by the court. But according to Kansas caselaw, the registration requirement isn't punishment, so it doesn't increase the penalty for his crime. Thus, there's no constitutional problem with the court making the deadly weapon finding, as it did here. We affirm the district court's judgment on the registration issue, but we otherwise vacate Johnson's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

This case began in July 2015 when the State charged Johnson with attempted aggravated robbery, aggravated assault using a knife, criminal threat, interference with a police officer, possession of methamphetamine, and possession of marijuana with a prior conviction. As part of a plea deal, Johnson pled no contest to possession of methamphetamine, possession of marijuana with a prior conviction, and criminal threat; in exchange, the State dismissed the three other charges. For most Kansas felony offenses, our sentencing guidelines provide three potential sentences—a low number (the mitigated sentence), a middle number (the standard sentence), and a high number (the aggravated sentence)—with the numbers based on the severity level of the crime and the extent of the defendant's past criminal convictions. The parties agreed to recommend the low number for each of the convictions but otherwise did not limit what the State or the defendant could ask for at sentencing. As part of the same deal, Johnson also pled no contest in three other cases (one count of felony theft in each), and the State dismissed a traffic case against him.

2

At the plea hearing, the prosecutor summarized the facts underlying these charges: Sheila Howe had called the police and reported that Johnson had threatened her with a knife, attempted to steal her Xbox 360 and games, and said, "'I'll kill you.'" When police arrived and located Johnson, they found methamphetamine and marijuana in his pocket.

Johnson's criminal-history score in this case was E. (The criminal-history categories range from A, the most serious, to I, the least serious.) Based on Johnson's score and the severity of his crimes, the presumptive sentence for each of his convictions would have been probation—but because he committed these crimes while on felony bond, the district court had the option of imposing a prison sentence instead. Significantly, the presentence investigation report indicated that Johnson was eligible for drug treatment—and the presentence investigator checked the "Mandatory" box beside "Drug Treatment." When drug treatment is simply an option, depending on the facts of the case, the presentence investigator is supposed to check a different box marked "With Court Finding."

The court held a single sentencing hearing for all four of Johnson's cases (this one and the three felony-theft cases). Johnson asked the district court to sentence him to probation and drug treatment, while the State opposed the request because of Johnson's history of theft and burglary. The victim asked the district court to sentence Johnson to drug treatment rather than prison.

The district court sentenced Johnson to prison, the lower number (the mitigated sentence) for each conviction: 18 months for possession of methamphetamine, 10 months for possession of marijuana with a prior conviction, and 5 months for criminal threat. (In the separate cases for felony theft, the court gave Johnson a prison sentence of 11 months for each of the three theft convictions.) The district court ordered that all these sentences be served concurrently, or at the same time, effectively sentencing Johnson to 18 months in prison. The district court also found that Johnson had committed the criminal threat

3

with a deadly weapon (a knife) and ordered him to register as a violent offender for the next 15 years.

Johnson then appealed to this court.

ANALYSIS

I. *The District Court Should Have Sentenced Johnson to Drug Treatment Instead of Prison.*

Johnson argues that the district court should have sentenced him to drug treatment rather than prison. We will begin by addressing two issues that could preclude our consideration of this issue altogether.

First, it appears that Johnson has already finished serving the prison portion of his sentence, so we must consider whether this issue is moot. Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). But the mootness doctrine is not jurisdictional; it's just a court policy recognizing that our role is to determine the outcome of real controversies. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). Mootness applies when the only judgment that could be entered would be ineffectual for any purpose and would not impact any of the parties' rights. 298 Kan. at 1082. In some circumstances, fully serving the prison portion of a sentence will render an appeal moot. See *State v. Brown*, No. 112,825, 2015 WL 9286987, at *4 (Kan. App. 2015) (unpublished opinion) ("Because Brown has completely served the confinement portion of his sentence, any remand for resentencing would be ineffectual for any purpose."), *petition for rev. filed* January 14, 2016; *State v. Fields*, No. 113,341, 2015 WL 7693753, at *1 (Kan. App. 2015) (unpublished opinion) (mandate issued January 14, 2016) (claim of illegal sentence based on incorrect criminal history score moot because defendant already served full sentence).

4

But here, Johnson claims that this issue isn't moot because he remains on postrelease supervision, so he hasn't completely finished serving his sentence. He also notes that if he had been properly sentenced to drug treatment and successfully completed the drug-treatment program while on probation, he wouldn't have been subject to any postrelease term at all. See K.S.A. 2016 Supp. 22-3717(d)(1) (postrelease supervision follows the completion of the prison portion of sentence). Furthermore, he points out that there is a concrete difference between the sentence he's currently serving (postrelease supervision) and the sentence he should have been given (drug treatment paid for, at least in part, by the State). On these facts, we agree that his rights would be impacted if we vacated his sentence because he would be resentenced to state-sponsored drug treatment. The drug treatment is a real distinction and something that Johnson didn't receive in prison and isn't receiving on postrelease supervision.

Second, we recognize that Johnson did not raise this issue before the trial court. While he did ask to be given probation and drug treatment, he didn't argue at sentencing that the district court had no option but to send him to drug treatment. That's apparently because everyone recognized that Johnson had a presumptive prison sentence in each of the cases in which he had been convicted of felony theft because he had several prior theft convictions. See K.S.A. 2016 Supp. 21-6804(p) (providing for presumptive prison sentence for felony theft when defendant has three or more prior felony theft or burglary convictions). So Johnson's attorney filed a motion in each of the theft cases for a dispositional sentencing departure from prison to probation. That attorney also filed a departure motion in the case now before us—even though Johnson didn't have a presumptive prison sentence in this case. Then in the single sentencing hearing held in all of the cases, Johnson's attorney never argued that the court was required to sentence Johnson to drug treatment in this case; she merely argued that the court *should* do so.

Even so, if the sentencing statutes required that Johnson be given probation and a drug-treatment sentence, sending him instead to prison would be an illegal sentence. See

5

*State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016) (noting that a sentence that doesn't conform to statutory requirements is an illegal sentence). And an illegal sentence may be challenged at any time—even if the proper argument wasn't made at sentencing. 303 Kan. at 1014.

Moving on to the merits, Johnson correctly argues that the district court should have sentenced him to drug treatment rather than sending him to prison.

We review the interpretation of sentencing statutes independently, without any required deference to the district court's conclusion. *State v. Andelt*, 289 Kan. 763, 768, 217 P.3d 976 (2009). The resolution of this issue turns on the application of three different sentencing statutes: the special rule that allows a district court to impose a prison sentence instead of what would otherwise be presumptive probation (K.S.A. 2016 Supp. 21-6604[f]), the drug-treatment statute (K.S.A. 2016 Supp. 21-6824), and the multiple-conviction sentencing statute (K.S.A. 2016 Supp. 21-6819).

K.S.A. 2016 Supp. 21-6604(f) provides that even if a defendant's presumptive sentence is probation, a court can nonetheless impose a prison sentence if the defendant committed the new crime while on felony bond. Johnson committed his crimes while on felony bond. So even though Johnson's presumptive sentence was probation, the district court had authority under K.S.A. 2016 Supp. 21-6604(f) to impose a prison sentence.

But at the same time, K.S.A. 2016 Supp. 21-6824 requires that a court sentence certain qualified offenders to drug treatment, and Johnson was one such qualified offender:  he committed a drug-possession offense in grid box 5-E, had no disqualifying convictions, and met the risk-assessment requirements outlined in the statute. Johnson's presentence investigation report reflects this conclusion; it states both that he is eligible for drug treatment and that drug treatment is "[m]andatory." That's based on the language of K.S.A. 2016 Supp. 21-6824, which provides that if an offender is assigned a high-risk

6

status in the drug-abuse assessment and a high- or moderate-risk status in the criminal-risk-and-needs assessment, then "the sentencing court *shall* commit the offender to treatment in a drug abuse treatment program . . . ." (Emphasis added.)

So while one statute gives the district court the option to impose a prison sentence instead of probation, the other requires the district court to impose drug treatment—what do we do when both of these apply in the same case? According to Kansas caselaw, the drug-treatment statute prevails. *Andelt*, 286 Kan. at 774; *State v. Worley*, No. 114,899, 2016 WL 6024584, at *3 (Kan. App. 2016) (unpublished opinion) (mandate issued November 21, 2016) (following *Andelt* and noting that later statutory amendments didn't change the analysis).

The State argues that this case is different from *Andelt* because it involves multiple convictions in a single case. According to the State, the mandatory-drug-treatment statute doesn't apply to cases involving multiple convictions.

Our court has previously rejected this argument in *State v. Sims*, No. 104,406, 2011 WL 3891878, at *3-5 (Kan. App. 2011) (unpublished opinion). We do so again here.

The drug-treatment statute applies to offenders who are "convicted of a felony violation" of certain drug-possession statutes. K.S.A. 2016 Supp. 21-6824(a). The State urges us to read this statute narrowly and in the singular, applying it only to defendants who have a single felony conviction and not to defendants who have more than one conviction in a single case. But the Kansas Legislature has instructed that the singular can include the plural and the plural can include the singular—so the singular language in the statute ("a felony conviction") isn't controlling. K.S.A. 2016 Supp. 77-201, Third.

7

The State also claims that applying the mandatory-drug-treatment statute in multiple-conviction cases will lead to absurd results, such that a defendant convicted of both rape and drug possession in a single case would have to be sentenced to drug treatment instead of prison. This argument misses the mark because it ignores K.S.A. 2016 Supp. 21-6819, which governs sentencing in cases involving multiple convictions. That statute directs a district court in a multiple-conviction case to establish a base sentence based on the primary crime, and "[t]he primary crime is the crime with the highest crime severity ranking." K.S.A. 2016 Supp. 21-6819(b)(2). The statute also provides that if one crime is on the drug grid and one on the nondrug grid—and one crime is presumptive prison while the other is presumptive probation—the presumptive-prison crime will be the base offense. K.S.A. 2016 Supp. 21-6819(b)(2). So in the State's hypothetical, the defendant convicted of rape and drug possession would have a presumptive prison sentence. See K.S.A. 2016 Supp. 21-6819(b)(2); *Sims*, 2011 WL 3891878, at *5.

In *Sims*, our court assumed that the reference to a single "offense" under the drug-treatment statute referred to the primary crime identified under the multiple-convictions statute, especially since we presume that the legislature acts with knowledge of already-existing law. 2011 WL 3891878, at *4. Accordingly, the *Sims* court found that the drug-treatment statute applied to multiple-conviction cases. We agree.

The State's argument also ignores the possibility of both prison and drug-treatment sentences. Here, the district court could properly sentence Johnson to prison in his other, presumptive-prison cases even though it was required to give him drug treatment in this case. No statute has been cited to us that precludes that result. See *State v. Madden*, No. 105,897, 2012 WL 2476988, at *5-7 (Kan. App. 2012) (unpublished opinion) (finding that defendant should have been sentenced to drug treatment in one of his cases but affirmed his prison sentence in another, simultaneous case and noting that once the

8

defendant had served his prison sentence, he would then have to complete his drug-treatment sentence).

To decide Johnson's case, we need not determine whether, in the State's hypothetical, the court could first sentence someone convicted of rape to prison, with that sentence followed by drug treatment on a qualifying conviction in the same case. In Johnson's case, his base offense was the conviction that qualified him for mandatory drug treatment, and no other conviction in this case took him out of the statute's mandate. The district court erred when it sentenced him to prison.

II. *The District Court Did Not Violate Johnson's Constitutional Rights When It Found that He Had Used a Deadly Weapon and Required Him to Register as a Violent Offender.*

Johnson next argues that the district court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it found that he had committed criminal threat with a deadly weapon and ordered him to register as a violent offender.

Johnson didn't make this argument at the district court, either, so we must once again consider whether it may be raised for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). One situation that qualifies is when consideration of the issue is necessary to prevent the denial of fundamental rights. 299 Kan. at 493. Because *Apprendi* protects the fundamental rights to due process and a jury trial, we will review Johnson's newly raised *Apprendi* issue to prevent the denial of these rights. *Phillips*, 299 Kan. at 493; *State v. Unrein*, 47 Kan. App. 2d 366, 369, 274 P.3d 691 (2012), *rev. denied* 297 Kan. 1256 (2013). Whether a defendant's constitutional rights have been violated is a question of law that we review without any required deference to the district court. 47 Kan. App. 2d at 369.

9

Under the Kansas Offender Registration Act, a district court can order a defendant to register as a violent offender if (among other reasons) the defendant is convicted of a person felony and the court finds that the defendant used a deadly weapon to commit that felony. K.S.A. 2016 Supp. 22-4902(e)(2). In this case, that's exactly what happened: Johnson was convicted of criminal threat (a person felony), and the district court found that he had used a deadly weapon (a knife) to commit that crime, so it ordered him to register as a violent offender for the next 15 years.

*Apprendi* held that because of the Sixth Amendment right to a jury trial and the Fourteenth Amendment right to due process, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 476-85, 490. So Johnson argues that the district court violated *Apprendi* because ordering him to register as a violent offender increased the penalty for his crime and was based on a court finding that hadn't been proved to a jury beyond a reasonable doubt.

But there's another wrinkle in play here: Is registration as a violent offender punishment? Or is it merely a nonpunishment, community-safety measure? If it's not punishment, then *Apprendi* does not apply.

Our court has held on several occasions that a registration requirement doesn't increase the penalty for a crime beyond the legal maximum because registration is separate from and doesn't impact the length of a defendant's sentence. *Unrein*, 47 Kan. App. 2d at 372; *State v. Chambers*, 36 Kan. App. 2d 228, 238-39, 138 P.3d 405, *rev. denied* 282 Kan. 792 (2006). Based on those cases, requiring a defendant to register as a violent offender, even when the finding that triggers registration is made by the court, rather than a jury, doesn't violate *Apprendi*. *Unrein*, 47 Kan. App. 2d at 372; *Chambers*, 36 Kan. App. 2d at 238-39.

10

Whether our prior rulings on this question are still good law is put in some doubt by our Supreme Court's ruling in *State v. Charles*, 304 Kan. 158, 178, 372 P.3d 1109 (2016). In that case, the Kansas Supreme Court reached the opposite conclusion, holding that because a registration requirement qualifies as a type of punishment, imposing registration effectively increases the penalty for a crime. Under this reasoning, imposing registration without a jury finding that the defendant used a deadly weapon would violate *Apprendi*. *Charles*, 304 Kan. at 178.

But once the Kansas Supreme Court gives an indication that it is departing from its own precedent, we are no longer bound to follow that precedent. *Heartland Presbytery v. Presbyterian Church of Stanley, Inc.*, 53 Kan. App. 2d 622, Syl. ¶ 10, 390 P.3d 581 (2017). And the Kansas Supreme Court has given a strong indication that *Charles* isn't good law anymore.

The ruling in *Charles* was based on a case published on the same day, *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 570 (2016), *overruled by State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). *Thompson*, a four-to-three decision, held that the registration requirement was a type of punishment; therefore, the Ex Post Facto Clause of the United States Constitution applied to prevent retroactive application of amendments to the registration statutes. 304 Kan. 291, Syl. ¶ 7. But *Thompson* was overruled on the day it was issued: *Petersen-Beard*, with a different four-judge majority, held that the registration requirement couldn't be challenged as cruel and unusual punishment under either the United States or the Kansas Constitutions because it was *not* a type of punishment. 304 Kan. 192, Syl. ¶¶ 1-2. *Petersen-Beard* didn't expressly overrule *Charles*, but it *did* expressly overrule *Thompson*. And in *Charles*, the court noted that the *Petersen-Beard* holding—which is the exact opposite of the *Thompson* holding that *Charles* relied on—"may influence whether the [registration-requirement] holding of this case is available to be relied upon by violent offenders whose appeals have yet to be decided." 304 Kan. at 179.

11

So while *Charles* is exactly on point and hasn't been expressly overruled, we have an indication, both from the *Charles* court and from the differently constituted *Petersen-Beard* court, that the Supreme Court is departing from the position that imposing a registration requirement based on a court finding that the defendant used a deadly weapon violates *Apprendi*. See *State v. Secrest*, No. 115,565, 2017 WL 543546, at *4-5 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 9, 2017; *State v. Brown*, No. 114,808, 2016 WL 7429424, at *8-9 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* January 18, 2017. We note too that the *Petersen-Beard* decision was issued by the full, regular members of the Kansas Supreme Court, while the *Charles* and *Thomas* courts included one judge who was not a member of the court, sitting by designation for those cases.

We conclude that *Charles* is no longer good law. Thus, the district court did not violate *Apprendi* when it found that Johnson used a deadly weapon in the course of committing a person felony and relied on that finding to require Johnson to register as a violent offender. See *Secrest*, 2017 WL 543546, at *5 (no *Apprendi* violation in these circumstances); accord *State v. Perez-Medina*, No. 114,589, 2017 WL 262025, at *6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* February 21, 2017; *Brown*, 2016 WL 7429424, at *8-9; *State v. Wheeler*, No. 114,518, 2016 WL 5853090, at *3 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* October 28, 2016; *State v. Campbell*, No. 114,167, 2016 WL 3407598, at *6 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* July 12, 2016.

We affirm the district court's judgment on the registration requirement, but we otherwise vacate Johnson's sentence and remand for resentencing.