(234 P.3d 31)

No. 101,936

STATE OF KANSAS, *Appellee*, v. KELLAM D. JONES, *Appellant*.

Opinion filed June 25, 2010.

*Christina M. Waugh*, of Kansas Appellate Defender Office, for the appellant.

*Nicole Romine*, assistant district attorney, *Thomas E. Knutzen*, legal intern, and *Steve Six*, attorney general, for the appellant.

Before LEBEN, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Kellam D. Jones appeals his sentences and the district court's determination that he could be tried as an adult. We affirm in part and dismiss in part.

At the time of the alleged crime, Jones was 16 years and 11 months old. The State moved the district court for an order authorizing prosecution of Jones as an adult. In support of its motion, the State argued that Jones should be presumed to be an adult under K.S.A. 2007 Supp. 38-2347 because he was at least 14 years old at the time of the offense and the offense alleged in the complaint would have constituted a nondrug severity level 1 through 6 felony if committed by an adult. In response, Jones argued that to comply with *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the determination of whether he should be prosecuted as an adult must be tried before and decided by a jury, and that K.S.A. 2007 Supp. 38-2347(a)(2) violated his due process rights by imposing a presumption that he should be tried as an adult.

The district court conducted the hearing without a jury and denied Jones' motion to have his certification hearing decided by a jury. Jones claimed that K.S.A. 2007 Supp. 38-2347(a)(2) violated his due process rights. At the hearing, the court found the State

had met its burden of proof under K.S.A. 2007 Supp. 38-2347 to show that Jones was over 14 years old at the time of the offense and that the charged offense, if committed by an adult, would constitute an off-grid felony. Accordingly, the court found that under K.S.A. 2007 Supp. 38-2347 a rebuttable presumption existed that Jones should be charged as an adult. After hearing arguments and the testimony of witnesses, the court considered the eight factors provided by K.S.A. 2007 Supp. 38-2347(e) and concluded that Jones had failed to rebut the presumption that he should be prosecuted as an adult. The court ruled against Jones' argument that the waiver process was unconstitutional.

The State dismissed the original complaint and filed a new information charging Jones as an adult with one count of first-degree murder and one count of attempted aggravated robbery. On November 13, 2008, the district court accepted Jones' guilty plea to an amended information charging him with one count of second-degree murder, one count of attempted aggravated robbery, and one count of attempted aggravated burglary. At sentencing, the court imposed the aggravated sentences of the relevant Kansas sentencing guidelines presumptive grid boxes on all three of Jones' convictions: 123 months on his second-degree murder conviction; 34 months on his attempted aggravated robbery conviction; and 13 months on his attempted aggravated burglary conviction. The court ordered all three of Jones' sentences to run consecutively, for a total of 170 months' imprisonment.

Jones first argues that a jury, rather than the district court, should have made the determination that he could be prosecuted as an adult. He claims that under *Apprendi,* any fact other than a prior conviction that increases the penalty for a crime beyond the proscribed statutory maximum must be presented before a jury and proven beyond a reasonable doubt. Here, the court, not a jury, found the State could prosecute Jones as an adult under K.S.A. 2007 Supp. 38-2347. Jones contends that if he had been prosecuted as a juvenile, he would have faced approximately 6 years in a juvenile correctional facility, compared to the roughly 14-year sentence he received as the result of being tried as an adult. Because this factual finding increased the maximum punishment he faced,

and the determination was not tried before and proven beyond a reasonable doubt, Jones claims his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under *Apprendi* were violated.

Jones concedes that the Kansas Supreme Court rejected this same argument in both *State v. Jones*, 273 Kan. 756, 47 P.3d 783, *cert. denied* 537 U.S. 980 (2002), and *State v. Tyler*, 286 Kan. 1087, 1095-96, 191 P.3d 306 (2008). Jones argues, however, that that the *Tyler* court failed to consider its own decision in *In re L.M.*, 286 Kan. 460, 186 P.3d 164 (2008), in which the Kansas Supreme Court held that juveniles have the right to a jury trial.

Whether the district court violated Jones' rights under *Apprendi* by making factual findings in support of its decision authorizing adult prosecution of Jones is a question of law over which appellate review is unlimited. See *Tyler*, 286 Kan. at 1095-96.

In *Jones*, the Kansas Supreme Court addressed and rejected an argument identical to that raised by the appellant in the present case. See 273 Kan. at 770-71. The *Jones* court held that *Apprendi* does not control the certification proceedings under the Kansas statutory scheme. 273 Kan. at 774. The court stated that *Apprendi* deals with the sentencing phase of criminal proceedings, while the certification hearing to determine a juvenile offender's status as an adult or a juvenile is merely a "jurisdictional matter" meant to determine which court will resolve the case. 273 Kan. at 775.

The Kansas Supreme Court affirmed *Jones* in *Tyler*. Tyler argued that his *Apprendi* rights had been violated when the district court made the factual findings which allowed his prosecution as an adult rather than as a juvenile. The *Tyler* court rejected this argument. *Apprendi* only forbids the imposition of a sentence that exceeds the statutory maximum permitted by the facts required by the jury's finding of guilt, and *Apprendi* still applies after the certification procedure sends a juvenile to adult court. But *Apprendi* does not apply to the determination of whether prosecution of a juvenile offender takes place in a juvenile or an adult court, and the states are not constitutionally obligated to provide preferential treatment to juveniles. The *Tyler* court accordingly affirmed its prior decision in *Jones*. 286 Kan. at 1096.

Jones argues that *Tyler* was wrongly decided because it failed to consider *In re L.M.*, in which the court held that juveniles prosecuted under the Kansas juvenile justice system have the right to a jury trial. 286 Kan. at 470. Jones fails to specify why *In re L.M.* has any impact on the holding of *Tyler*. His argument consists of a recitation of the holding of *In re L.M.*, followed by a jump to the unsupported conclusion that a " 'jurisdictional determination' is just another name for a factual finding by a district court that increases the maximum statutory penalty."

Jones' argument fails. It is true that had he been tried in juvenile court, he would have had the right to a jury trial. But this fact is irrelevant to the issue presently before us. Simply because a juvenile tried in juvenile court has the right to a jury trial does not change the fact that juveniles have no absolute constitutional right to be tried in juvenile court in the first place. Thus, this court is still controlled by the holding of *Tyler* that *Apprendi* does not control the determination of whether a juvenile should be tried as an adult. We are required to follow Kansas Supreme Court precedent unless there is some indication the court is departing from its previous decision. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007). Since there is no indication that the Kansas Supreme Court is departing from its decision in *Tyler*, the district court correctly denied Jones' motion to have his certification hearing tried before a jury.

Jones next argues that his due process rights were violated by the presumption under K.S.A. 2009 Supp. 38-2347(a)(2) that he is an adult because of the severity of the charged offense. Jones argues that under *In re J.L.*, 20 Kan. App. 2d 665, 891 P.2d 1125, *rev. denied* 257 Kan. 1092 (1995), the presumption that he is an adult mandated by K.S.A. 2009 Supp. 38-2347(a)(2) created a significant risk of erroneous action which violated his due process rights by shifting the burden to him, rather than to the State, to prove that he should be prosecuted as an adult. Jones admits that this argument has been addressed and rejected in *Tyler*, 286 Kan. at 1097, and asserts that he is only presenting this argument to preserve it for any subsequent federal appeal.

*Tyler* is controlling and should be applied in this case. As in the present case, the appellant in *Tyler* argued that under *In re J.L.*, the presumption that he was an adult under K.S.A. 38-1636(a)(2) (repealed effective January 1, 2007, and recodified at K.S.A. 2009 Supp. 38-2347) violated his due process rights. The *Tyler* court disagreed, finding that juveniles have no constitutional right to be adjudicated under the Kansas Juvenile Justice Code. Consequently, the rebuttable presumption of adult prosecution mandated by K.S.A. 38-1636(a)(2) is constitutionally valid. 286 Kan. at 1097. Since we are required to follow Kansas Supreme Court precedent absent an indication the Kansas Supreme Court is departing from its previous decision, and there is no such indication here, the district court's decision is affirmed. See *Merrills*, 37 Kan. App. 2d at 83.

Jones' final argument is that the district court violated his Sixth and Fourteenth Amendment rights by imposing the high number in the appropriate gridbox for each of his convictions. Jones contends that under *Apprendi*, any fact other than a prior conviction that is used to increase a defendant's sentence beyond the presumed statutory maximum must be presented before a jury and proven beyond a reasonable doubt. Jones argues that under K.S.A. 2007 Supp. 21-4704(e)(1), the presumed statutory maximum sentence he could receive was the middle number in the appropriate sentencing guidelines gridbox. Because the court sentenced Jones to the high number in the appropriate gridbox, he alleges that the court violated his rights by imposing a sentence in excess of the statutory maximum without submitting the facts before a jury to be proven beyond a reasonable doubt.

As Jones concedes, this argument has been addressed and rejected in *State v. Johnson*, 286 Kan. 824, 190 P.3d 207 (2008). When faced with an argument identical to that brought by Jones, the *Johnson* court thoroughly discussed the relevant case law and statutes before holding as follows:

"[W]e conclude K.S.A. 21-4704(e)(1) grants a judge discretion to sentence a criminal defendant to any term within the presumptive grid block, as determined by the conviction and the defendant's criminal history. The judge need not conduct any fact finding or state factors on the record. Consequently, the prescribed

' "statutory maximum" ' sentence described by *Apprendi*, 530 U.S. at 490, is the upper term in the presumptive sentencing grid block. K.S.A. 21-4704(e)(1) is constitutional under the Sixth and Fourteenth Amendments to the United States Constitution and does not violate the holdings in *Apprendi* . . . ." 286 Kan. at 851.

There is no indication the Kansas Supreme Court is departing from its decision in *Johnson*, so we are duty bound to follow its precedent. See *Merrills*, 37 Kan. App. 2d at 83. Jones' sentences were not unconstitutional, and because his sentences fell within the presumptive range for his convictions, we cannot consider his challenge. Under K.S.A 21-4721(c)(1), this court has no jurisdiction to consider a challenge to a presumptive sentence even though the sentence is the longest term in the presumptive grid block for the convictions. *Johnson*, 286 Kan. at 851-52. Here, the district court imposed the highest sentences of the relevant presumptive grid boxes on all three of Jones' convictions. Because the imposed sentences were within the guidelines, we have no jurisdiction, and this portion of Jones' appeal is dismissed. See 286 Kan. at 851.

Affirmed in part and dismissed in part.