NOT DESIGNATED FOR PUBLICATION

No. 112,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD DAVIDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed March 11, 2016. Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and GARDNER, JJ.

*Per Curiam*: A jury convicted Ronald Davidson of two counts of theft after he stole a pair of shoes from Famous Footwear and a pair of pants from the Dollar General Store. Due to a lengthy criminal history, the trial court sentenced him to a presumptive term of 15 months' imprisonment. Davidson argues for the first time on appeal that his constitutional right to testify was violated because the record does not show that the trial court advised him of his right to testify or that he knowingly waived it. The State contends a trial court is not required to advise a defendant of his or her right to

testify or make a record of a waiver of that right, citing *Taylor v. State*, 252 Kan. 98, Syl. ¶ 5, 843 P.2d 682 (1992).

There is no evidence Davidson raised this issue before the trial court or even sought a new trial based on this claim. This issue is raised for the first time on appeal. Davidson recognizes this and, in his appellate brief, argues it is appropriate to consider the issue for the first time on appeal because it involves a constitutional issue presenting a purely legal question, the consideration of which is necessary to prevent the denial of his right to testify. See *State v. Puckett*, 230 Kan. 596, 598-99, 640 P.2d 1198 (1982) (recognizing three circumstances in which an appellate court may consider a constitutional issue raised for the first time on appeal). The State argues Davidson has waived this issue because he failed to explain how the exceptions applied in this case. The Kansas Supreme Court has addressed this issue for the first time on appeal. See *State v. Anderson*, 294 Kan. 450, 465, 276 P.3d 200 (2012) (accepting defense argument that the issue involved defendant's fundamental right to testify and a legal question).

After concluding the argument could be considered, the *Anderson* court rejected the argument and reaffirmed the decision in *Taylor*, in which the court held:

> "A trial court has no duty sua sponte to address a silent defendant and inquire whether he or she knowingly and intelligently waives the right to testify. An express waiver, on the record, is not necessary because a defendant's conduct provides a sufficient basis from which to infer that the right to testify is waived. There is a danger that by asking a defendant if he or she is aware of his right to testify, a trial court may inadvertently influence a defendant to waive the equally fundamental right against self-incrimination." 252 Kan. 98, Syl. ¶ 5.

Although more than 20 years have passed since *Taylor*, its holding remains good law today. We are duty bound to follow Kansas Supreme Court precedent and, because there is no indication here that the court is departing from its previous decision,

Davidson's argument is not persuasive. See *State v. Jones*, 44 Kan. App. 2d 139, 142, 234 P.3d 31 (2010), *rev. denied* 292 Kan. 967 (2011). We, therefore, hold Davidson's constitutional right to testify was not violated even if the trial court failed to obtain an explicit waiver of his right to testify on the record.

Affirmed.