NOT DESIGNATED FOR PUBLICATION

No. 113,392

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

ROBERT JOHNSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed June 17, 2016.
Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for
appellant.

*Jan Jarman*, assistant city attorney, for appellee.


Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.


*Per Curiam*:  Robert E. Johnson appeals his conviction of one count of driving on
a suspended license. The only issue on appeal is whether the district court erred when it
denied Johnson's motion to suppress evidence. Specifically, Johnson argues that the
district court erred in denying his suppression motion because the law enforcement
officer who stopped Johnson's vehicle lacked reasonable suspicion of a traffic violation.
We find that because the officer observed Johnson fail to signal continuously for 100 feet
before turning his vehicle—a violation of a Wichita traffic ordinance—the stop was
proper. Thus, we affirm the district court's judgment.

1

On January 23, 2013, at approximately 1 a.m., Officer Ryan Schomaker was on patrol when he observed Johnson enter a known drug house. Johnson emerged from the house about 2 minutes later and entered a car parked outside the house. Johnson pulled away from the curb, drove approximately half a standard city block to an intersection, and turned left at the intersection. There was some dispute about when Johnson engaged his turn signal before reaching the intersection. Schomaker testified that Johnson signaled 12 feet prior turning at the intersection. Johnson testified that he activated the turn signal to pull the car away from the curb, after which the signal automatically disengaged, and then he reactivated the signal prior to reaching the intersection.

Schomaker stopped Johnson for failure to signal 100 feet before turning, in violation of Wichita ordinance 11.28.040. After Schomaker approached the vehicle, he observed Johnson "flick" an item out of the window, which later was identified as a pipe used for illegal drugs. Schomaker ticketed Johnson for possession of drug paraphernalia and failure to properly signal a turn. The City of Wichita later discovered that Johnson's license was suspended at the time of the stop and amended the charge for failure to signal a turn to driving on a suspended license. Johnson was convicted of possession of drug paraphernalia and driving on a suspended license in municipal court and appealed his convictions to the district court.

In district court, Johnson filed a motion to suppress evidence, claiming the stop was illegal because Johnson did not fail to properly signal his turn. By agreement of the parties, the district court combined the hearing on the suppression motion with the bench trial. After hearing testimony, the district court denied the motion to suppress. The district court found that even if Johnson's turn signal shut off when he pulled away from the curb, he was still a half block away from the intersection and had the opportunity to properly signal. The district court found Johnson guilty of driving on a suspended license but found him not guilty of possession of drug paraphernalia. Johnson timely appealed.

The only issue on appeal is whether the district court erred in denying Johnson's motion to suppress. Johnson claims that Schomaker lacked reasonable suspicion to stop his vehicle and therefore all evidence stemming from the stop must be suppressed. The City argues that the stop was proper because Schomaker observed Johnson violate a traffic ordinance by failing to signal within 100 feet prior to turning his vehicle.

An appellate court bifurcates its review of the district court's ruling on a motion to suppress:  the factual findings are reviewed to determine whether they are supported by substantial competent evidence, and the legal conclusions are reviewed using a de novo standard. *State v. Brittingham*, 296 Kan. 597, 601, 294 P.3d 263 (2013). The prosecution bears the burden of proof to demonstrate that a search or seizure was lawful. K.S.A. 22-3216(2); *State v. Ibarra*, 282 Kan. 530, 533, 147 P.3d 842 (2006).

The Fourth Amendment to the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Section 15 of the Kansas Constitution Bill of Rights provides identical protection. *State v. Anderson*, 281 Kan. 896, 901, 136 P.3d 406 (2006). Without making an arrest, a law enforcement officer may stop any person in a public place whom the officer reasonably suspects is committing, has committed, or is about to commit a crime. See K.S.A. 22-2402(1); *State v. Thomas*, 291 Kan. 676, 687, 246 P.3d 678 (2011). The Kansas Supreme Court has held that if an officer observes a traffic violation, the officer has reasonable suspicion to justify stopping the driver of that vehicle. See *State v. Coleman*, 292 Kan. 813, 818, 257 P.3d 320 (2011) ("A traffic violation provides an objectively valid reason for conducting a traffic stop.").

Wichita ordinance 11.28.040 requires a driver to signal continuously for 100 feet before turning his or her vehicle. Johnson does not contend that he complied with the ordinance. Rather, he argues that there should be an exception for his circumstances, under which he claims it was impossible for him to signal 100 feet before turning his

vehicle. Specifically, Johnson claims he was parked on a curb "pretty close" to 100 feet from an intersection, he engaged his turn signal while pulling away from the curb, his turn signal automatically shut off after he pulled away from the curb, and then he reengaged the signal prior to turning at the intersection. Johnson argues that it was impossible for him to signal continuously for 100 feet before turning; thus, the stop for failing to comply with the ordinance was illegal.

Johnson's argument is not persuasive. Our Kansas Supreme Court has held that the failure to signal a turn is an absolute liability offense and, therefore, a motorist may violate the statute without intending to commit a violation. *State v. Greever*, 286 Kan. 124, 136-40, 184 P.3d 788 (2008) (interpreting K.S.A. 8-1548, which prohibits the same conduct as the Wichita ordinance at issue). In *Greever*, our Supreme Court held:

"The plain language of K.S.A. 8-1548 provides that anyone turning a vehicle must provide 'an appropriate signal'—namely, a turn signal given continuously for at least 100 feet before the turn. The statute does not provide any exception to this rule, nor does it indicate that a person must possess a particular criminal intent in order to be found guilty of the infraction described." 286 Kan. at 138.

Here, Schomaker testified that he observed Johnson fail to signal a turn until 12 feet before making the turn. Based on this testimony, Schomaker was justified in stopping Johnson for violating the ordinance. But even based on Johnson's version of the facts, Schomaker had reasonable suspicion for the stop. Johnson acknowledges that he failed to continuously signal his turn for 100 feet, which constitutes a violation of the ordinance. The fact that Johnson did not intend for his turn signal to shut off after he pulled away from the curb does not matter. A violation of the ordinance is a strict liability offense and does not require a particular criminal intent. *Greever*, 286 Kan. at 136-40.

Johnson urges this court to follow the dissent in *Greever* and recognize an exception when it may be impossible to comply with the ordinance. However, the Court

4

of Appeals is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. See *State v. Jones*, 44 Kan. App. 2d 139, 142, 234 P.3d 31 (2010), *rev. denied* 292 Kan. 967 (2011). As there is no indication that the Kansas Supreme Court intends to depart from *Greever*, we are bound to follow that precedent. See *State v. Natale*, No. 106,426, 2012 WL 3966538 (Kan. App. 2012) (unpublished opinion) (declining to follow *Greever* dissent where defendant argued that it was impossible to comply with K.S.A. 8-1548 because of short distance before he turned at intersection), *rev. denied* 297 Kan. 1253 (2013).

Based on *Greever*, Schomaker observed Johnson commit a traffic violation by failing to signal within 100 feet prior to turning his vehicle. Thus, the traffic stop was legal and the district court did not err in denying Johnson's motion to suppress.

Affirmed.