NOT DESIGNATED FOR PUBLICATION

No. 114,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER T. HOPKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 9, 2016. Affirmed.

*Sean M.A. Hatfield* and *Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*:  Walter T. Hopkins appeals the district court's summary denial of his motion to correct his criminal history. Specifically, Hopkins argues that the district court erred in classifying two prior 1990 aggravated burglary convictions as person felonies for criminal history purposes which he claims resulted in an illegal sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). He also argues that counsel should have

1

been appointed and a hearing should have been set on the matter. Finding no legal error, we affirm.

FACTS

On March 4, 2010, Hopkins pled guilty to three amended counts of robbery. A presentence investigation report listed Hopkins' criminal history as B, due in part to two 1990 aggravated burglary convictions. Hopkins was granted a downward dispositional departure and sentenced to a 36-month probation term with an underlying 184-month prison sentence. The district court subsequently revoked Hopkins' probation and imposed an 18-month prison term.

In January 2015, Hopkins filed a pro se motion to correct his criminal history under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). On February 5, 2015, the district court summarily denied Hopkins' *Murdock* motion without a hearing or appointment of counsel. Hopkins timely appealed. Our Supreme Court subsequently issued its opinion in *Dickey*, on which Hopkins now relies in seeking relief on appeal.

ANALYSIS

Hopkins claims the district court erroneously denied his motion to correct criminal history under *Apprendi* and *Dickey*. Under K.S.A. 22-3504(1), a "court may correct an illegal sentence at any time." Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 to include "'a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment.'" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

The State argues that this court should not reach the merits of whether Hopkins' sentence is illegal because the issue is procedurally barred. If this court were to reach the merits, the State argues Hopkins' reliance on the analysis in *Dickey* to support his claim for relief is misguided because the offenses to be compared in this case are set forth in the former and current aggravated burglary statutes, not the former and current burglary statutes compared in *Dickey*. Finally, the State argues Hopkins was not entitled to a hearing or assistance of counsel on his motion under K.S.A. 22-3504 because the district court is permitted to preliminarily examine the motion and summarily dismiss the matter if sufficient issues of fact and law are not raised.

## 1. *Procedural bar*

The State argues that Hopkins may not bring his illegal sentence claim because it is procedurally barred. Specifically, the State claims that Hopkins may not bring his *Dickey* claim for the first time on appeal, that K.S.A. 22-3504 is the improper procedural vehicle for such a claim, and that *Dickey* may not be retroactively applied. These procedural issues have been repeatedly considered and rejected by this court.

### A. *Res judicata*

The State claims that Hopkins is barred from challenging his criminal history calculation because he raises the issue for the first time on appeal. But K.S.A 22-3504 expressly states that the court may correct an illegal sentence "at any time." See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011); *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 5, 369 P.3d 959 (2016) ("Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504[1] that courts may correct an illegal sentence at any time.").

B. *Proper procedural vehicle*

The State also argues that Hopkins' sentence is not illegal as contemplated by K.S.A. 22-3504(1) because Hopkins makes a constitutional claim. In support of this argument, the State cites to *State v. Warrior*, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016), which held that a motion to correct an illegal sentence is not the proper procedural vehicle to challenge the constitutionality of a statute. But *Dickey* held that a challenge to a criminal history score is proper under K.S.A. 22-3504 because it is a claim that the sentence does not conform to the applicable statutory provision regarding the authorized punishment. *Dickey*, 301 Kan. at 1034; see *Luarks*, 302 Kan. at 975 (claim alleging misclassification of prior convictions as person offenses "necessarily raise[s] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized"); *Neal*, 292 Kan. at 631 (challenge to criminal history score necessarily challenges sentence that criminal history score helped produce; if criminal history score is wrong then resulting sentence cannot conform with statutory provision governing term of punishment authorized). Thus, the holding in *Warrior* is readily distinguishable.

C. *Retroactive application of* Dickey

Finally, the State contends that *Dickey* may not be retroactively applied to Hopkins' case, which became final in 2010, well before *Dickey* was decided. Generally, "when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). *Dickey* is not a "change in the law," but rather an application of the constitutional rule announced in *Apprendi*, so the date of *Apprendi* is the relevant date regarding the retroactivity analysis. See, *e.g.*, *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) (holding that the new constitutional sentencing rule established by *Apprendi*

4

must be applied to all cases "which arose after June 26, 2000"). Hopkins' claim arose well after *Apprendi* and therefore the rule in *Dickey* is properly applied to Hopkins' motion. Additionally, this court recently held that the "retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence." *Martin*, 52 Kan. App. 2d at 483-84.

2. *Classification of 1990 prior aggravated burglary convictions*

Finding no procedural bar, we now address the merits of Hopkins' claim that the district court erroneously classified his 1990 aggravated burglary convictions as person felonies. Hopkins argues that this was a violation of his constitutional rights under (1) *Murdock* or (2) *Apprendi* as incorporated into Kansas law by *Dickey*.

Hopkins begins his brief by restating the arguments he initially made based on *Murdock*, a case that was subsequently overturned by *Keel*, 302 Kan. 560, Syl. ¶ 9. Hopkins maintains his *Murdock*-based arguments because *Keel* was not final when he appealed his sentence. *Keel* has since become final, when certiorari to the United States Supreme Court was denied on January 11, 2016, and so Hopkins is not entitled to relief under *Murdock*.

Next, Hopkins argues that the district court's classification of his prior aggravated burglary convictions as person felonies violates *Apprendi*, which is implicated "when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey*, 301 Kan. at 1036. Applying the *Apprendi* principle, the *Dickey* court held that the district court was constitutionally prohibited from classifying Dickey's prior burglary adjudication as a person felony because doing so necessarily required judicial factfinding beyond simply identifying the statutory elements that constituted the prior adjudication.

5

In *Dickey*, the appellant contested the classification of a 1992 in-state juvenile adjudication for burglary as a person felony. At the time of Dickey's adjudication, the burglary statute in effect did not delineate between situations in which burglary would qualify as a person felony and those in which it would qualify as a nonperson felony. Additionally, the statute did not distinguish between dwellings and other structures—the distinction that was the basis for classifying a burglary as a person or nonperson felony when the Kansas Sentencing Guidelines Act (KSGA) became effective July 1, 1993. As a result, it was impossible to tell whether Dickey had committed a burglary that would qualify as a person felony without engaging in factfinding. The *Dickey* court concluded that the adjudication had to be scored as a nonperson felony because the judicial factfinding that would have been necessary to score it otherwise was constitutionally prohibited by *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 (2013). *Dickey*, 301 Kan. at 1039.

But this case is distinguishable from *Dickey* in one crucial way: Hopkins' pre-1993 convictions were for aggravated burglary rather than burglary. The KSGA requires that "[p]rior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2015 Supp. 21-6810(d)(2). At the time of Hopkins' prior aggravated burglary convictions, Kansas defined the crime as follows:

> "Aggravated burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is some human being, with intent to commit a felony or theft therein.
> "Aggravated burglary is a class C felony." K.S.A. 21-3716 (Ensley 1988).

6

At the time of the commission of Hopkins' current crime, the Kansas statute stated as follows:

> "Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein.
>
> "Aggravated burglary is a severity level 5, person felony." K.S.A. 21-3716.

The statutes' substantive content is nearly identical. The primary difference is that the earlier statute was narrower in its intent: it required only "intent to commit a felony or theft therein," where the latter statute includes "intent to commit a felony, theft or sexual battery therein." Thus, Hopkins' conviction under the elements in the earlier statute would also fit within the elements of the latter statute. The district court therefore did not engage in any prohibited factfinding beyond the elements of the crime when it classified the prior aggravated burglaries as person felonies for Hopkins' criminal history score, and *Dickey* is inapplicable. See *Dickey*, 301 Kan. at 1036 (*Apprendi* is implicated when a district court "makes findings of fact at sentencing that go beyond merely finding . . . the statutory elements that made up the prior conviction.").

3. *Summary dismissal*

In his final claim of error on appeal, Hopkins seeks relief under K.S.A. 22-3504, which he argues grants him the right to a hearing on his motion to correct an illegal sentence and the right to be personally present with assistance of counsel at the hearing. Hopkins concedes in his brief, however, that the district court has a duty to preliminarily examine the motion to determine if sufficient issues of fact and law are raised and to summarily dismiss the matter if no such issues of fact and law have been raised. See *State v. Duke*, 263 Kan. 193, Syl. ¶ 1, 946 P.2d 1375 (1997).

The Kansas Supreme Court has rejected the argument Hopkins makes here. See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) ("We have consistently rejected [appellant's] argument that the plain language of K.S.A. 22-3504 requires a substantive proceeding and the assistance of counsel in all cases."). Hopkins essentially asks this court to depart from the established rule that district courts may conduct an initial examination of an illegal sentence motion and to dismiss the motion without hearing if "the motion, files, and records of the case conclusively show the defendant is not entitled to relief." *State v. Jones*, 292 Kan. 910, Syl. ¶ 1, 257 P.3d 268 (2011). But, as an intermediate appellate court, we are bound to Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. See *State v. Jones*, 44 Kan. App. 2d 139, 142, 234 P.3d 31 (2010). As there is no indication that the Kansas Supreme Court intends to depart from *Makthepharak* and *Jones*, we decline Hopkins' invitation to recognize an exception to established law and affirm the district court's decision to summarily deny the motion to correct illegal sentence filed by Hopkins here.

Affirmed.