NOT DESIGNATED FOR PUBLICATION

No. 115,565

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOLLY SECREST,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed February 10, 2017. Affirmed and remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.


*Per Curiam*:  Holly Secrest pled to two counts of aggravated assault on a law enforcement officer. On appeal, she makes three arguments:  (1) She did not commit an offense triggering registration under the Kansas Offender Registration Act; (2) the district judge did not find that she used a deadly weapon; and (3) any finding by the district judge that she used a deadly weapon violates her *Apprendi* rights. We disagree and affirm.

*Factual and procedural background*

Holly Secrest was charged with two counts of aggravated assault on a law enforcement officer, one count of possession of marijuana, and one count of possession of drug paraphernalia. In exchange for Secrest's plea of no contest to the two counts of aggravated assault, the State agreed to dismiss the drug charges. Count I stated:

> "That on or about the 5th day of November, 2015, in the County of Johnson and State of Kansas, HOLLY NICOLE SECREST did then and there unlawfully, feloniously and intentionally place a uniformed or properly identified law enforcement officer, to-wit: Sgt. Brokaw, in reasonable apprehension of immediate bodily harm, with a deadly weapon, to-wit: handgun, while the said officer was engaged in the performance of the officer's duty, to-wit: investigating shots fired complaint, a severity level 6 person felony, in violation of K.S.A. 21-5412(d), K.S.A. 21-6804 and K.S.A. 21-6807. (aggravated assault on a law enforcement officer)."

Count II was identical except for its naming of a different law enforcement officer.

Before accepting Secrest's plea, the district court judge reviewed the charges of Counts I and II with her and explained that she was about to plead no contest to putting two police officers in reasonable apprehension of immediate bodily harm with a deadly weapon, "in this case, a handgun." Secrest pled no contest to Counts I and II.

At sentencing, the district court judge noted that Special Rule 1 applied to Counts I and II because they were person felonies committed with a firearm. The court also noted that Secrest's offenses required offender registration. Secrest did not object. Secrest's attorney stated that Secrest had already registered as a violent offender. The district court advised Secrest of her obligations under the Kansas Offender Registration Act (KORA).

The district court sentenced Secrest to 18 months' prison on Count I and 18 months' prison on Count II, with the sentences to run concurrently. While considering Secrest's motion for dispositional departure, the district judge asked what type of gun Secrest had used. The State's attorney replied, "It was a handgun," while Secrest's attorney added "Semi-automatic." The district court denied Secrest's motion for dispositional departure, and Secrest later appealed.

*Discussion*

Secrest makes three primary arguments on appeal: (1) She did not commit an offense that triggers KORA's registration requirement; (2) the district judge did not make a finding that Secrest used a deadly weapon; and (3) any finding by the district judge that Secrest used a deadly weapon violates Secrest's rights under *Apprendi*.

*Preservation*

Secrest did not object to the registration requirement at sentencing. Generally, a constitutional issue cannot be raised for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Secrest relies on the second of three exceptions to the preservation rule, alleging consideration of her theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights. 299 Kan. at 493.

Secrest argues two reasons in support of that conclusion. First, the challenged acts violated her procedural due process rights by imposing a registration requirement without convicting her of an underlying offense that triggers the registration requirement. Second, consideration of Secrest's claim is necessary to prevent the denial of her Sixth Amendment *Apprendi* rights.

"[W]e have traditionally addressed *Apprendi* issues raised for the first time on appeal to prevent the denial of a fundamental right." *State v. Wheeler*, No. 114,518, 2016 WL 5853090, at *1 (Kan. App. 2016) (unpublished opinion). We do the same here, so we will consider this issue as fitting within an exception to the general rule on preservation.

*Standard of Review*

A constitutional challenge to KORA is a question of law subject to unlimited review. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016). The applicable provision of KORA defines "violent offender" as a person who "on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." K.S.A. 2015 Supp. 22-4902(e)(2). Violent offenders are required to register. K.S.A. 2015 Supp. 22-4906(a)(1)(M).

*Secrest committed a triggering offense*

Secrest's first argument is that she did not commit an offense that triggers the registration requirement. Secrest cites *State v. Wilkinson*, 269 Kan. 603, 614, 9 P.3d 1 (2000), for the proposition that "the only procedural due process to which a defendant is entitled to under the registration law is the process required to convict him or her of an underlying offense that triggers the registration requirement." In this case, the district court judge said, "this being a severity Level 6 offense requires offender registration." Secrest correctly argues that the law does not require registration merely for committing a level 6 felony. See K.S.A. 2015 Supp. 22-4902(e). However, the statute does say that offenders convicted of "any person felony" are subject to registration if the court also finds that the offender used a deadly weapon in the commission of the offense. K.S.A. 2015 Supp. 22-4902(e)(2). Secrest was convicted of committing a person felony and the

4

court found that she used a deadly weapon, as we explain below. Accordingly, her offense triggers the registration requirement under K.S.A. 2015 Supp. 22-4902(e)(2).

*The district court found that Secrest used a deadly weapon.*

Secrest next argues that the district court never explicitly found at sentencing that she used a deadly weapon. This argument is not without support. Secrest's Journal Entry of Judgment is marked "No" in response to the question, "Did offender, as determined by the court, commit the current crime with a deadly weapon?" Additionally, the journal entry box that states, "Defendant informed of duty to register as an offender pursuant to the Kansas Offender Registration Act" is not checked, and no Offender Registration Supplement is attached to the journal entry.

We have previously upheld registration requirements despite a lack of explicit findings that the defendant used a deadly weapon. For example, in *State v. DeJesus*, No. 101,670, 2010 WL 2044928 (Kan. App. 2010) (unpublished opinion), the district court did not make a specific finding that the defendant had used a deadly weapon. The district court had, however, stated that the defendant "was convicted of 'one count of aggravated assault *with a deadly weapon*'" and the journal entry noted that the defendant had "committed 'the current crime with a deadly weapon.'" 2010 WL 2044928, at *5. We held that these findings constituted specific findings on the record sufficient to trigger the KORA registration requirement. 2010 WL 2044928, at *5.

Similarly, in *State v. Gilkes*, No. 109,259, 2014 WL 642091, at *4 (Kan. App. 2014) (unpublished opinion), *rev. granted* 304 Kan. 1019 (2016), this court noted that "[w]hile the sentencing judge did not explicitly identify his observations about [the defendant's] use of a knife as being a factual predicate for registration under KORA, the fact of this finding is clear." The *Gilkes* court held that "the various references to [the

5

defendant's] use of a knife in the commission of this crime constitutes an adequate finding to support application of KORA." 2014 WL 642091, at *4.

Although the district court here did not make a specific finding on the record that Secrest used a deadly weapon, the record contains ample references to Secrest's use of a deadly weapon during the commission of her offenses. The district judge said "Special Rule 1 applies that this is a person felony committed with a firearm." The judge also asked how many shots were fired and what type of weapon was fired. The State's attorney replied that Secrest fired a handgun and Secrest's attorney added that it was a semi-automatic. Additionally, when reviewing the factual basis for the plea, the district judge noted that Secrest used "a deadly weapon," specifically "a handgun." The district judge reviewed these facts at sentencing, stating, "What I know is what occurred back in November being highly intoxicated with your co-defendant in your apartment and shooting at these different people, employees or people going to the hospital, coming from the hospital, and police officers to which you pled no contest." Thus, as in *Gilkes*, although the sentencing judge did not specifically find for purposes of KORA registration that Secrest used a deadly weapon, the district court sufficiently found on the record that Secrest used a deadly weapon in the commission of her person felonies. No more is required. See K.S.A. 2015 Supp. 22-4902(e)(2).

*The journal entry should be corrected*

The journal entry is incorrect in two respects. It is marked "No" where it asks whether the "offender, as determined by the court commit[ted] the current crime with a deadly weapon." The journal entry also states that Secrest was not informed of her duty to register, even though the record reflects that the district judge did inform Secrest of this duty at the sentencing hearing. And 2 days before the journal entry was filed, the court sent Secrest notice of her duty to register. The journal entry does state that Special Rule 1 applies because Secrest committed a person felony with a firearm. This

6

contradicts the portion of the journal entry that states that she did not use a deadly weapon.

"[A] criminal sentence is effective when pronounced from the bench; it does not derive its effectiveness from the journal entry." *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007). A journal entry that imposes a sentence at variance with the sentence pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). "The journal entry of sentencing can be corrected by a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench." 294 Kan. at 677.

We recognize that offender registration is not considered part of a sentence. *State v. Simmons*, 50 Kan. App. 2d 448, 458, 329 P.3d 523 (2014), *rev. granted* 304 Kan. 1021 (2016) ("[KORA's] registration requirements simply are not part of an offender's sentence.") But, we believe the error regarding offender registration on the journal entry warrants correction. See *Gilkes*, 2016 WL 642091, at *5. We shall therefore remand the case with directions for the district court to correct the errors in the journal entry. The entry should state that the district court found that Secrest used a deadly weapon and that Secrest was informed of her duty to register, as the record reflects.

*A sentencing court's finding that a defendant used a deadly weapon for KORA registration purposes does not violate the defendant's* Apprendi *rights*

Secrest also argues that the district court violated *Apprendi* because a jury should have determined whether she used a deadly weapon in her offenses. *Apprendi* held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435.

But KORA registration does not implicate *Apprendi* because KORA does not impose "'a more severe sentence than the maximum sentence authorized by the facts found by the jury.'" *State v. Chambers*, 36 Kan. App. 2d 228, 239, 138 P.3d 405 (2006). (quoting *State v. Gould*, 271 Kan. 394, Syl. ¶ 4, 23 P.3d 801 [2001]). We have repeatedly reaffirmed the *Chambers* holding. See, *e.g.*, *State v. Unrein*, 47 Kan. App. 2d 366, 372, 274 P.3d 691 (2012) ("[W]e hold the district court's factual finding that Unrein used a deadly weapon in the commission of two attempted aggravated assaults which resulted in the court's order for Unrein to register under KORA did not violate his constitutional right to a jury trial."); *State v. Miller*, No. 108,984, 2014 WL 1193376, at *13 (Kan. App. 2014) (unpublished opinion) ("Our court has repeatedly held a district court's determination that a weapon was used in the commission of the crime, thus requiring a defendant to register under KORA, does not implicate *Apprendi*."), *rev. denied* 301 Kan. 1050 (2014).

Recent Supreme Court cases have muddied the waters, however. The Kansas Supreme Court recently decided several cases on the same day that addressed issues related to offender registration, but its holdings are not consistent. In *State v. Charles*, 304 Kan. 158, 176, 372 P.3d 1109 (2016), a district judge determined that the defendant had used a deadly weapon in the commission of his offense and was thus required to register under KORA. The defendant challenged the constitutionality of KORA's requirement for judicial factfinding under *Apprendi*. The Kansas Supreme Court held "that the registration requirement qualifies as punishment under the Due Process Clause, and that its imposition on [the defendant] required a jury finding of his use of a deadly weapon under *Apprendi*." 304 Kan. at 178.

In reaching that conclusion, the court relied heavily on another case that it had decided the same day—*Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), *overruled by State v. Petersen-Beard*, 304 Kan. 192. *Doe* was overruled the very day it was decided by *Petersen-Beard*. The *Charles* court acknowledged that *Petersen-Beard* overruled the

8

case upon which it based its ruling and stated that this "may influence whether the KORA holding of this case is available to be relied upon by violent offenders whose appeals have yet to be decided." *Charles*, 304 Kan. at 178.

The issue in *Petersen-Beard* was whether KORA's mandatory lifetime sex offender registration constitutes cruel and unusual punishment under the Eighth Amendment or § 9 of the Kansas Constitution Bill of Rights. *Petersen-Beard*, 304 Kan. 192. The Kansas Supreme Court held that KORA's lifetime sex offender registration requirements were not punishment for the purposes of applying the United States or Kansas Constitutions. 304 Kan. at 209.

Secrest requests that we follow the holding in *Charles*, which would require a jury to find that she used a deadly weapon. She notes that *Petersen-Beard* did not explicitly overrule *Charles*. Although not explicitly overruled, *Charles* is no longer good law. *Charles*' holding was premised on the idea that KORA's registration requirements are punishment. *Charles*, 304 Kan. at 178. But *Petersen-Beard* explicitly ruled that KORA's registration requirements are not punishment. *Petersen-Beard*, 304 Kan. at 209. Even if *Charles* were still good law, this court is only duty bound to follow Kansas Supreme Court precedent if there is no indication that the court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). The *Petersen-Beard* holding is a radical departure from the *Charles* holding. Thus, we are not bound to follow *Charles* and shall instead follow *Petersen-Beard*. Adhering to the reasoning in *Petersen-Beard*, we conclude that requiring Secrest to register under KORA did not implicate *Apprendi*. See *Wheeler*, 2016 WL 5853090, at *3.

We therefore affirm the holdings of the district court and remand with directions to correct errors in the journal entry.