NOT DESIGNATED FOR PUBLICATION

Nos. 118,115
118,116

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RALPHAEL ANTONIO BERNARD,
*Appellant*.


MEMORANDUM OPINION


Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed October 12, 2018. Affirmed.


*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.


*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GREEN and MALONE, JJ.


PER CURIAM: Ralphael Bernard appeals the district court's order that he register as a violent offender under the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., based on the court's finding that he used a deadly weapon in the commission of a felony. Bernard argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution because the fact that he used a deadly weapon should have been proven to a jury beyond a reasonable doubt. But because the

offender registration requirements did not increase Bernard's punishment, it was not constitutionally required for a jury to make the deadly weapon finding. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2016, Officer Rich Colburn of the Garden City Police Department stopped a car in which Ralphael Bernard was a passenger. Bernard acted suspiciously and would not provide his name, so Colburn called for backup. Once Officer Emily Relph arrived, Colburn attempted to pat down Bernard. Bernard reached for a handgun in his waistband, but the officers tased him before he could reach it. The State later charged Bernard with two counts of attempted aggravated battery on a law-enforcement officer and one count of interference with law enforcement for his actions during the stop.

As part of a plea agreement with the State, Bernard agreed to plead no contest to one count of attempted aggravated battery on a law-enforcement officer under K.S.A. 2017 Supp. 21-5413(b)(1)(B), (d)(2)(A). That crime requires an attempt to cause bodily harm with a deadly weapon to a uniformed or properly identified law-enforcement officer engaged in the performance of official duty. See K.S.A. 2017 Supp. 21-5413(b)(1)(B), (d)(2)(A); K.S.A. 2017 Supp. 21-5301(a). In return, the State agreed to drop the remaining charges.

At Bernard's plea hearing, the State had to provide the court with a summary of the evidence supporting its charge (sometimes called a factual proffer). See K.S.A. 2017 Supp. 22-3210(a)(4). The district court then had to determine that sufficient facts supported each element of the crime charged—attempted aggravated battery on a law-enforcement officer—before it could accept Bernard's plea. See *State v. Ebaben*, 294 Kan. 807, 812, 281 P.3d 129 (2012). The State alleged:

2

- Officer Colburn stopped a Saturn Ion for a suspected window-tint violation;

- Bernard was a passenger;

- During the traffic stop, Colburn tried to identify everyone in the car;

- Bernard was acting suspiciously and would not provide his name;

- Colburn called a second officer to the scene for backup;

- Colburn tried to pat down Bernard;

- Bernard was uncooperative;

- Officers drew their Tasers;

- Bernard reached toward his waistband where he had a Glock .45 caliber handgun; and

- Before Bernard could get the gun out, officers tased him.

The district court accepted Bernard's no-contest plea. With no objection from Bernard, the court found that Bernard had used a deadly weapon in the commission of the crime, triggering the requirement that he register as a violent offender under the Kansas Offender Registration Act. The district court sentenced Bernard to 24 months in prison for his offense and ordered him to register as a violent offender for 15 years.

Bernard has appealed to our court, contesting only the registration requirement.

ANALYSIS

Bernard argues that the district court violated his constitutional rights as described under *Apprendi* when the court—rather than a jury—determined that he used a deadly weapon in the commission of his crime, thus prompting the requirement that he register as a violent offender under the Kansas Offender Registration Act.

Bernard didn't raise his *Apprendi* argument before the district court, so we first must determine whether to consider the issue at all. Claims not made before the district court generally cannot be raised on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). But there are three exceptions to this rule: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; or (3) the judgment of the district court was right for the wrong reason. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Bernard says consideration of his claim is necessary to protect his fundamental rights and to serve the ends of justice.

Kansas appellate courts have routinely addressed *Apprendi* issues raised for the first time on appeal to prevent the denial of a fundamental right. See, e.g., *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015); *State v. Unrein*, 47 Kan. App. 2d 366, 369, 274 P.3d 691 (2012). So we will consider the merits of Bernard's argument. Whether a defendant's constitutional rights as described under *Apprendi* were violated is a question of law over which we have unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017), *cert. denied* 138 S. Ct. 2673 (2018).

The Kansas Offender Registration Act, K.S.A. 2017 Supp. 22-4901 et seq., requires that "violent offenders" register four times a year with the sheriff in the county where they live. K.S.A. 2017 Supp. 22-4905. Among other circumstances, a "violent offender" is one who commits any person felony (a category that includes Bernard's offense, attempted aggravated battery on a law-enforcement officer) if the district court finds on the record that a deadly weapon was used "in the commission of such person felony." K.S.A. 2017 Supp. 22-4902(e)(2). Here, the district court relied on the State's factual proffer offered at the time of Bernard's no-contest plea to find that Bernard used a deadly weapon in the commission of the attempted aggravated battery. The district court

4

then ordered Bernard to register as a violent offender under the Registration Act based on that finding.

Bernard argues that the district court violated his constitutional rights when it relied on the State's factual proffer to make a deadly weapon finding. Under *Apprendi*, any fact necessary to increase the punishment for a crime—"[o]ther than the fact of a prior conviction"—must be established by a guilty plea or proved beyond a reasonable doubt to a jury. 530 U.S. at 490; see also *Huey*, 306 Kan. at 1005. Bernard claims that the district court looked beyond the fact of his attempted aggravated-battery conviction to find that he used a deadly weapon—a fact never presented to a jury and to which he never admitted—and used that fact to increase the penalty for his crime by ordering him to register.

It's true that the district court had to look beyond Bernard's attempted aggravated-battery conviction to find that he used a deadly weapon (something courts call judicial fact-finding). As Bernard points out, the crime of attempted aggravated battery on a law-enforcement officer does not require that the defendant actually *use* a deadly weapon. See K.S.A. 2017 Supp. 21-5301(a) (defining attempt); K.S.A. 2017 Supp. 21-5413(b) (listing elements for aggravated battery). And unlike a guilty plea, a no-contest plea is not an admission to the truth of the facts underlying the charge. See K.S.A. 22-3209(2).

But under *Apprendi*, only facts that increase the penalty, or punishment, for a crime need be submitted to a jury. 530 U.S. at 490. And Kansas appellate courts have rejected the claim that offender registration under the Registration Act is punishment. See, e.g., *State v. Watkins*, 306 Kan. 1093, 1095, 401 P.3d 607 (2017); *Huey*, 306 Kan. at 1009-10; *State v. Petersen-Beard*, 304 Kan. 192, 209, 377 P.3d 1127 (2016). Most significantly, Bernard acknowledges that our Supreme Court recently rejected a claim identical to his in *Huey*, which controls the result here.

5

Like Bernard, Huey claimed on appeal that the district court's deadly weapon finding and resulting registration order violated his constitutional rights under *Apprendi*. The Kansas Supreme Court said that because the Kansas Legislature intended the Registration Act as a civil regulatory scheme—not as punishment—a defendant must present "the clearest proof" that registration is punitive before the court would consider registration a criminal penalty. *Huey*, 306 Kan. at 1010. Huey brought his claim for the first time on appeal, so he had not presented any facts to the district court attempting to show that the registration's effects on him were punitive. Accordingly, the court held that Huey had not shown, as he must, that his registration requirements constituted punishment. And because the registration requirements didn't increase Huey's punishment, it was unnecessary that Huey's use of a deadly weapon be found beyond a reasonable doubt by a jury. 306 Kan. at 1010.

Like Huey, Bernard did not raise an *Apprendi* claim before the district court and has provided no fact-based record for this court to evaluate the Registration Act's alleged punitive effects on him or any other violent offender. See *Huey*, 306 Kan. at 1010. Thus, Bernard has not shown that his registration requirement as a violent offender is punishment. While Bernard urges that *Huey* was wrongly decided, "[t]his court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position." *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Because the registration order did not increase Bernard's punishment, it was unnecessary that Bernard's use of a deadly weapon be found beyond a reasonable doubt by a jury. His duty to register as a violent offender under the Registration Act did not violate *Apprendi*.

Bernard brings one additional challenge to the court's registration order. He claims that a Kansas statute, K.S.A. 22-3209, prohibited the district court from using Bernard's no-contest plea to support its registration order. Bernard's argument is based on his entry of a no-contest plea, in which he doesn't admit the facts of the charge, rather than a guilty

6

plea, in which the defendant admits the truth of the underlying charge and the material facts alleged by the State. See *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). A no-contest plea "is a formal declaration that the defendant does not contest the charge" but not a factual admission. K.S.A. 22-3209(2). Bernard argues that another statutory provision keeps the no-contest plea from being used to make the factual finding that he used a deadly weapon: K.S.A. 22-3209(2) provides that the no-contest plea "cannot be used against the defendant as an admission in any other action based on the same act."

But there are at least two problems with this argument. First, the district court didn't use his no-contest plea "in any other action." The finding that Bernard had to register under the Registration Act was made in the same underlying criminal case in which Bernard entered his plea. Second, the district court didn't use the mere fact of Bernard's conviction (which resulted from the no-contest plea) to make its deadly weapon finding—it had to look at the facts supporting the State's charge. And the court made no error in relying on the State's factual proffer when making its finding. See *State v. Marinelli*, 307 Kan. 768, 784, 415 P.3d 405 (2018) (whether an offender used a deadly weapon for registration purposes is a factual determination for the court to make); *In re E.L.W.*, No. 106,241, 2012 WL 686861, at *2-3 (Kan. App. 2012) (unpublished opinion) (finding that the district court may rely on the State's proffer to make a deadly weapon determination).

We affirm the district court's judgment.